(February 8, 1979)

█ ROBERT A. PHELPS et al., Appellants, v SALVATORE FIORDILINO, Respondent.—Appeal from a judgment of the Supreme Court, entered March 4, 1977 in Ulster County, upon a verdict rendered at a Trial Term in favor of defendant of no cause for action. This is a negligence action wherein plaintiffs are seeking damages for injuries and loss of services allegedly resulting from an automobile accident which occurred on January 20, 1975 in the Village of New Paltz, Ulster County. Robert Phelps, the driver of one of the cars sued for personal injuries and his wife, Myrtle, sued for loss of services. There is no serious dispute as to how the accident happened. Both vehicles were proceeding slowly in the same direction on a wintry day and the defendant's car struck plaintiffs' car in the rear. There were patches of ice and snow on the highway. While there was some damage to plaintiffs' car, defendant testified there was none to his. He further testified that he was traveling about one and one-half car lengths behind plaintiff when he saw the brake lights go on; that he applied his brakes, but his car skidded on a patch of ice and there was contact between the two vehicles. Plaintiff, Robert Phelps, testified that he slowed down and stopped because the car in front of his had stopped to make a left turn and he also stated that the highway was generally slippery. Additionally, he testified to his injuries. After a jury trial a verdict of no cause of action was returned. The trial court denied a motion to set the verdict aside. This appeal ensued. Plaintiffs raise several issues urging reversal, some of which pertain to the court's charge. As to those, we find plaintiffs' arguments unpersuasive as there were no exceptions or objections to the charge (see *Krall v Shaker Ridge Country Club,* 51 AD2d 481, mot for lv to app den 40 NY2d 802). Primarily, plaintiffs contend that the verdict is against the weight of evidence. We, however, should not disturb this verdict unless the evidence is so preponderant in plaintiffs' favor that the jury could not have reached its conclusion on any fair interpretation of the evidence *(Knise v Shearer,* 30 AD2d 741, 742). In reviewing the order denying plaintiffs' motion to set the verdict aside, we must recognize the fact that the Trial Judge has had the opportunity to see, hear and weigh the testimony of the witnesses *(Ellis v Hoelzel,* 57 AD2d 968). Considering the record in its entirety, we are unable to conclude that the jury could not reasonably find that the accident was due solely to the defendant's skidding on a patch of ice, which, in and of itself, is not negligence as the court properly charged *(Lahr v Tirrill,* 274 NY 112). Consequently, we should not disturb the verdict. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.