■ NEWELL CASS, Respondent, v FINGER LAKES CO-OPERATIVE INSURANCE COMPANY et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered March 22, 1984 in Tioga County, upon a verdict rendered at Trial Term (Fischer, J.).

On September 5, 1978, a three-story brick building owned by plaintiff was damaged by fire. Defendants are two insurance companies, which each insured the building against fire damage for $35,000, for a total coverage of $70,000. Plaintiff brought the instant action to recover money damages for breach of the contracts of fire insurance after defendants refused to pay his claimed damages. Defendants asserted the affirmative defenses

of arson and fraudulent overstatement of damages. Conflicting evidence was presented at trial on the issues of arson and the amount of damages. The jury returned a verdict of $30,000 for plaintiff and defendants have appealed.

Upon examination of the record, we conclude that there was sufficient evidence to sustain the verdict reached by the jury. Accordingly, the judgment should be affirmed.

Defendants' contention that plaintiff failed to establish the actual cash value of the building at the time of the loss is rejected. The determination of actual cash value is made under a broad rule of evidence which allows the trier of fact to consider "every fact and circumstance which would logically tend to the formation of a correct estimate of the loss" (*McAnarney v Newark Fire Ins. Co.*, 247 NY 176, 184; see, also, *Gervant v New England Fire Ins. Co.*, 306 NY 393, 398; *Sebring v Firemen's Ins. Co.*, 227 App Div 103, 104).

In the case at bar, plaintiff introduced detailed evidence of the repair and replacement costs for the building. He also presented the testimony of a qualified real estate broker as to the market value of the building before and after the fire. Plaintiff also submitted one of defendants' business records which placed a value of $85,000 on the building immediately before the fire. Further, the jurors had before them photographs of the fire damage, verbal descriptions of the building's condition, age and purchase price and the testimony of plaintiff's insurance agent that he believed $70,000 to be an appropriate amount of insurance coverage. It appears there was sufficient evidence of actual cash value to support the jury's verdict. A jury verdict should not be disturbed: "unless the evidence is so preponderant in [defendants'] favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Phelps v Fiordilino*, 67 AD2d 1032).

Defendants' next argument, i.e., that the trial court erred in denying defendants' motion for a mistrial based on plaintiff's disclosure to the jury of a prior offer of settlement in the amount of $3,000, lacks merit. In the instant case, plaintiff had the burden of proving defendants' refusal to pay. It appears clear under the circumstances that the reference to the $3,000 settlement offer and its quick withdrawal in plaintiff's opening was made to show defendants' refusal to pay. Moreover, the trial court gave curative instructions in the form requested by defendants' counsel. Any misconduct in this context could not be said to have significantly influenced the jury (see *Reilly v Wright*, 55 AD2d 544, 545).

We have considered defendants' other arguments, concerning (1) the trial court's instruction to the jury as to the definition and determination of actual cash value and (2) the order in which the jury was to consider the issue of damages, and find them unpersuasive.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.