■ CLARENCE WARD, JR., Appellant, v KATHRYN F. WATSON et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Walsh, Jr., J.), entered February 11, 1988 in Fulton County, upon a verdict rendered in favor of defendants.

This negligence action arises out of a motor vehicle accident which took place on April 25, 1986 at approximately 1:30 P.M. on State Route 30-A in the City of Johnstown, Fulton County. Route 30-A is a two-lane highway running in a north-south direction with a middle lane to permit left-hand turns from the southbound lane. The weather conditions that day were clear and sunny. Plaintiff was operating his moped vehicle in the extreme right-hand side of the northbound lane of Route 30-A traveling at about 15 to 20 miles per hour. At the same time, defendant Richard J. Ruberti was also driving his station wagon in the northbound lane, having just entered that lane after leaving a restaurant located on the east side of the highway. When he was approximately 300 feet short of a traffic light showing red for his direction of travel, Ruberti saw a vehicle driven by defendant Kathryn F. Watson in the southbound lane signaling to make a left-hand turn into the restaurant which he had just left. After looking in his rear view mirror to view traffic behind him, Ruberti waved to Watson to go ahead and make her turn. Watson then turned left in front of Ruberti. As she was entering the restaurant driveway, her car was struck in the right rear by plaintiff's moped. Plaintiff was in the process of overtaking vehicles in the northbound lane which were slowing down behind the Ruberti vehicle. Plaintiff sustained serious injuries as a result of this accident. He commenced this lawsuit against Ruberti, Watson and the owner of the car driven by Watson. Following

a jury trial, a verdict of no cause of action was returned in favor of all defendants. Plaintiff appeals.

Plaintiff argues that the jury verdict of no cause of action was against the weight of the evidence, principally because Supreme Court erroneously charged Vehicle and Traffic Law § 1123 which states, in relevant part, that:

"(a) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

"1. When the vehicle overtaken is making or about to make a left turn;

"2. Upon a street or highway with unobstructed pavement not occupied by parked vehicles of sufficient width for two or more lines of moving vehicles in each direction;

"3. Upon a one-way street, or upon any roadway on which traffic is restricted to one direction of movement, where the roadway is free from obstructions and of sufficient width for two or more lines of moving vehicles.

"(b) The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety."

The evidence at trial indicates that there was only one lane for northbound traffic on Route 30-A. Under Vehicle and Traffic Law § 1123 (a) (2) and (3), no vehicle in that lane could have legally passed Ruberti on his right-hand side. Plaintiff argues that this statute does not apply to him however because a moped is a class B limited use motorcycle (Vehicle and Traffic Law § 121-b) which may only be operated "on public highways in the right hand lane available for traffic or upon a usable shoulder on the right side of the highway" (Vehicle and Traffic Law § 2262 [1]). As a result of these restrictions, plaintiff argues that a line of traffic specifically designated for moped use was therefore created and his only duty was to "maintain the stability of his progress by looking ahead, independently of the fluctuating movement of the adjacent traffic".

We do not agree. While it is true that plaintiff was correctly riding on the shoulder of the highway, it is not true that there was a separate moped lane of travel on Route 30-A. Consequently, plaintiff was obligated to comply with Vehicle and Traffic Law § 1123 (a). Unlike the situation in *Secor v Kohl* (67 AD2d 358), this statutory rule is not one which, by its nature, cannot apply to mopeds. In our view, the charge to the jury was proper.

Since the jury could have reasonably found that it was

plaintiff's negligence, and not any ascribed negligence of defendants, which was the proximate cause of the accident, we find no basis for overturning the jury's verdict *(see, Mechanick v Conradi,* 139 AD2d 857, 859). In order for us to do so, it must be shown that the preponderance of the evidence is so greatly in plaintiff's favor that the jury could not have reached its conclusion by any fair interpretation of the evidence *(see, Halvorsen v Ford Motor Co.,* 132 AD2d 57, *lv denied* 71 NY2d 805; *Rowe v Board of Educ.,* 120 AD2d 850, 851, *lv denied* 68 NY2d 609). Here, plaintiff admitted he did not even notice that the line of vehicles traveling northbound on Route 30-A was stopped or stopping. Watson testified that she carefully looked before turning but was not able to see plaintiff as he motored up the right side of stopped traffic. Under these circumstances, we will not disturb the jury's finding of no cause of action.

Finally, plaintiff's remaining challenges to Supreme Court's jury charge have been examined and found to be either unpreserved for appellate review or lacking in merit.

Judgment affirmed, with one bill of costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.