◼ BEVERLY BROOKS, Individually and as Parent and Natural Guardian of MONIQUE HARRIS, an Infant, Respondent, v LORI A. ADAMS, Appellant. [612 NYS2d 88] —Casey, J. Appeal from an order of the Supreme Court (Harris, J.), entered March 9, 1993 in Albany County, which granted plaintiff's motion to set aside a verdict in favor of defendant and granted a new trial.

Monique Harris (hereinafter plaintiff), an infant, was injured when she was struck by an automobile while attempting to cross Central Avenue in the Town of Colonie, Albany County. Defendant is the owner and operator of the automobile which struck plaintiff. Following a trial of this action to recover damages for the injuries sustained by plaintiff in the accident, the jury returned a verdict which, in response to questions submitted on the special verdict form, found that defendant was negligent, but that her negligence was not a proximate cause of plaintiff's injuries. Concluding that "there was no negligence of the defendant that could conceivably not be a proximate cause of the accident", Supreme Court granted plaintiff's motion to set aside the verdict and ordered a new trial. We reverse.

A verdict should not be set aside unless the jury could not have reached its verdict on any fair interpretation of the evidence *(Fieldy v Weimer,* 169 AD2d 961, 962; *Nicastro v Park,* 113 AD2d 129, 134). Disagreement with the jury's verdict or dissatisfaction with the harsh result faced by the unsuccessful party are insufficient grounds to disturb a jury verdict *(Durkin v Peluso,* 184 AD2d 940, 941-942). "It is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499).

We note that during its charge to the jury and again in

response to a question posed by the jury during deliberations, Supreme Court instructed the jury that it was not sufficient merely to find that a party has committed negligence unless it is further shown that such negligence was a proximate cause of the plaintiff's injuries. The jury obviously applied this instruction to the evidence, and based upon our review of the record we cannot say that the jury could not have reached its verdict on any fair interpretation of the evidence. There is evidence in the record that the point where plaintiff and her two companions attempted to cross Central Avenue was not a crosswalk, that it was dark or nearly dark, that plaintiff and her companions successfully walked or ran across the westbound lanes of traffic to the middle of Central Avenue where they paused or stopped, and that plaintiff ran or darted out into the eastbound lanes of traffic where she was struck by defendant's vehicle which was proceeding at less than the speed limit with a green light on a nearby traffic signal.

Based upon the evidence in the record, the jury could rationally conclude that defendant was proceeding at a reasonably prudent speed and that she was not negligent in failing to stop before the impact with plaintiff, but that she was negligent in failing to blow her horn to warn plaintiff and her companions as they paused or stopped in the middle of Central Avenue. On the proximate cause issue, the jury could rationally conclude that defendant's failure to blow her horn was not a proximate cause of plaintiff's injuries based upon plaintiff's testimony that she was wearing headphones of a tape player which was playing a recording of "rap" music at "full blast". Having found a valid line of reasoning by which the jury could rationally conclude that defendant was negligent, but that her negligence was not a proximate cause of plaintiff's injuries, we conclude that the jury's verdict should not be disturbed. A finding of proximate cause in this case did not inevitably flow from the finding of culpable conduct (see, Schaefer v Guddemi, 182 AD2d 808, 809; Rubin v Pecoraro, 141 AD2d 525, 527).

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.