■ NANCY A. DOYLE et al., Respondents, v WILLIAM J. SENEY et al., Appellants. (Action No. 1.) PAMELA A. PARENT, Individually and as Parent and Guardian of STEPHANIE M. PARENT, an Infant, Respondent, v CHATHAM CENTRAL SCHOOL DISTRICT et al., Appellants. (Action No. 2.) [633 NYS2d 886] —Casey, J. Appeals from an order of the Supreme Court (Connor, J.), entered October 14, 1994 in Columbia County, which granted plaintiffs' motions to set aside a verdict in favor of defendants and ordered a new trial.

Plaintiffs in these actions seek to recover damages arising out of injuries sustained by plaintiff Nancy A. Doyle and

Stephanie M. Parent when the school bus they were riding in stopped suddenly. The bus was owned by defendant Chatham Central School District (hereinafter Chatham) and was being driven by defendant Theresa R. Hughes. Defendant William J. Seney was the driver of a vehicle which was unable to stop in time to avoid impact with the rear of the stopped bus. Following a trial, the jury found that Chatham was not negligent and that Seney was negligent, but that his negligence was not a proximate cause of the accident. Supreme Court granted plaintiffs' motion to set aside the verdict and ordered a new trial, resulting in this appeal by defendants.

The order should be reversed and the verdict reinstated (see, e.g., Fontana v Kurian, 214 AD2d 832). The evidence established that the bus stopped abruptly to avoid a collision with another vehicle, which had failed to yield the right-of-way at an intersection. Plaintiffs suggest that if Hughes had reacted quicker in applying the brakes or had maneuvered the bus to avoid a collision, Doyle and Parent would not have been injured. The question of whether Hughes and Chatham breached the duty of reasonable care owed to Doyle and Parent, as passengers on the bus, was particularly appropriate for jury resolution "not only because of the idiosyncratic nature of most tort cases * * * or because there was room for a difference in view as to whether [defendants'] conduct in the particular circumstances of this case did or did not evidence a lack of due care, but, perhaps above all, because, in the determination of issues revolving about the reasonableness of conduct, the values inherent in the jury system are rightly believed an important instrument in the adjudicative process" (Havas v Victory Paper Stock Co., 49 NY2d 381, 388 [citation omitted]). Contrary to plaintiffs' arguments, the evidence regarding Hughes' negligence provides no basis for Supreme Court's decision to set aside the verdict and order a new trial (see, Patti v Fenimore, 181 AD2d 869; Bagnato v Romano, 179 AD2d 713, lv denied 81 NY2d 701).

As to the jury's finding Seney was negligent but that his negligence was not a proximate cause of the accident or any injuries sustained by Doyle or Parent, the issue of proximate cause is generally for the jury to determine based upon "the unique nature of the inquiry in each case" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Given the evidence that Seney's vehicle struck the rear of the bus after the bus had stopped, and evidence that the impact did not damage the bus and did not cause the bus to move, the jury could reasonably have concluded that any injuries sustained by Doyle and Par-

ent were caused by the abrupt stop of the bus and not the relatively minor subsequent impact caused by Seney's negligence. The evidence regarding the causation issue, therefore, provides no basis to support Supreme Court's decision to set aside the verdict and order a new trial (see, Brooks v Adams, 204 AD2d 938; Yaver v Gofus, 156 AD2d 556).

In setting aside the verdict and ordering a new trial, Supreme Court concluded that its failure to give an expansive charge on the issue of concurrent causes (see, 1 NY PJI 2:71, at 210) was error which might have affected the verdict. Plaintiffs did not make a timely request that this particular instruction be included in the court's original charge to the jury and did not object to the charge as given. Nor does the record support plaintiffs' claim that the jury expressed confusion during its deliberations which warranted an additional instruction. The charge as given clearly informed the jury that it could find either or both Chatham and Seney negligent and it could find that either or both of these defendants proximately caused the accident.

Supreme Court's exercise of its inherent authority to set aside a verdict and order a new trial involves "a discretionary balancing of many factors" which should be accorded "great respect" (Nicastro v Park, 113 AD2d 129, 133, 137). Nevertheless, the "trial court should exercise considerable caution in utilizing its discretionary power to set aside a jury verdict and grant a new trial" (Murphy v Estate of Vece, 173 AD2d 445), and appellate courts are not hesitant to intervene when, as here, a jury verdict in favor of a defendant is supported by a fair interpretation of the evidence (see, e.g., Fontana v Kurian, 214 AD2d 832, supra; Brooks v Adams, supra; Bagnato v Romano, 179 AD2d 713, supra). Supreme Court failed to engage in the appropriate discretionary balancing of the relevant factors and, therefore, erred as a matter of law in setting aside the verdict and ordering a new trial.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motions denied and jury verdict reinstated.