■ ROBERT S. ZEMANEK, JR., et al., Appellants, v DAVID LAMOREAUX, Respondent. [653 NYS2d 187] —Yesawich Jr., J. Ap-

peal from a judgment of the Supreme Court (Ellison, J.), entered March 21, 1996 in Schuyler County, upon a verdict rendered in favor of defendant.

Plaintiff Robert S. Zemanek, Jr. (hereinafter plaintiff) and his wife, derivatively, commenced this action to recover for injuries he sustained when riding as a passenger in a motorboat piloted by defendant. A jury found that defendant was not negligent in his operation of the boat, and when Supreme Court denied plaintiffs' motion to set aside that verdict, as against the weight of the evidence, this appeal followed.

We affirm. A jury verdict may be rejected upon the grounds urged by plaintiffs only when the evidence is so weighted in favor of the moving party that the verdict " ' "could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). Here, that evidence—which included testimony that the water, while choppy, was not "really rough"; that the boat was not accelerating quickly, but "had barely begun to move forward at a faster speed" and was traveling at only slightly more than its previous cruising speed of 20 to 25 miles per hour, when plaintiff was jolted from his seat after the boat struck a wave; that prior to the accident, none of the passengers had expressed concern about the manner in which defendant was operating the boat; and, significantly, that in a telephone interview just weeks after the occurrence, plaintiff admitted that defendant had been piloting the boat in a safe manner—does not so preponderate in plaintiffs' favor as to render the contrary verdict unjust. Accordingly, Supreme Court's denial of plaintiffs' motion was a prudent exercise of discretion (*see, Barresi v Kapr*, 226 AD2d 1074, *appeal dismissed* 88 NY2d 1005).

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.