■ SHARON M. BARBER et al., Appellants, v KAY YOUNG et al., Respondents. [656 NYS2d 529] —White, J. Appeals from two judgments of the Supreme Court (Dier, J.), entered December 6, 1995 and December 14, 1995 in Warren County, upon a verdict rendered in favor of defendants.

These appeals arise from a motor vehicle accident that occurred on February 8, 1989 on the Thruway in the Town of Wheatland, Monroe County, wherein plaintiff Sharon M. Barber (hereinafter plaintiff) allegedly sustained personal injuries. Thereafter, plaintiff and her husband commenced this negligence action seeking damages and derivative losses which, after trial, culminated in a verdict of no cause of action. Plaintiffs' appeals ensued after Supreme Court denied their motion to set the verdict aside.

Plaintiffs' evidence shows that defendant Kay Young was operating plaintiff's minivan in a westerly direction in the right lane of the Thruway when, at about 2:15 P.M., she encountered a sudden snowstorm that created a "whiteout", reducing visibility to zero. Young thereupon slowed to 20 to 25 miles per hour and noticed in the distance two little red lights on a truck she believed was stopped in her lane of travel. To avoid the truck, she proceeded to drive into the left passing lane. As she did so, Young noticed a white car stopped in that lane which prompted her to apply her brakes, causing her to skid off the road onto the left shoulder where the vehicle stalled. A few moments later plaintiff's vehicle was struck by a tractor-trailer operated by defendant Robert Spellman.

Spellman testified that he was traveling in the right westbound lane at about 40 to 45 miles per hour when he encountered the snowstorm. He related that as he was ap-

proaching the top of an upgrade, he noted a Thruway truck parked on the right shoulder about 75 feet ahead and plaintiff's vehicle stopped crossways in the left lane. Because it was too slippery to stop, Spellman elected to go between the two vehicles. Unfortunately, his maneuver was unsuccessful as he struck both vehicles.

The proof adduced from Bruce Hills, a disinterested eyewitness, established that he was driving behind Young and saw her lose control of the minivan as she entered the left lane. Apparently Hills tried to stop or slow his vehicle since eventually both vehicles stopped almost perpendicular to the direction of travel with their front ends in the center median and their back ends protruding into the left lane. Although Hills determined that it would be prudent to extricate himself from his predicament, he did not do so immediately because he saw and heard a truck approaching. He did note, however, that Young was backing up and that she backed right into the truck's path.

Plaintiffs contend that the jury's verdict predicated upon this proof is against the weight of the evidence. A verdict may be successfully challenged as against the weight of the evidence only when " ' "the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864). While this is essentially a discretionary determination, it is a limited one since due deference must be accorded to the jury's role as fact finder especially where the resolution of the triable issues depends on such matters as credibility and the reasonableness of the party's actions (*see, Maisonet v Kelly*, 228 AD2d 780, 781; *Nelson v Town of Glenville*, 220 AD2d 955, 956, *lv denied* 87 NY2d 807).

It is clear that the jury absolved Young and Spellman of negligence under the emergency doctrine which provides that a party, faced with a sudden and unexpected circumstance not of his or her own making which leaves little or no time for thought, deliberation or consideration, may not be negligent if the actions taken are reasonable and prudent in the emergency context (*see, Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924; *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327). We have no difficulty with the jury's determination that Spellman was entitled to the benefit of the emergency doctrine given the situation he faced which left him with no alternative other than to follow the course he did. Plaintiffs' contention that the accident could have been

avoided if Spellman had not been going 40 to 45 miles per hour is mere conjecture which is an insufficient basis upon which to deny the application of the emergency doctrine (*see, Caban v Vega*, 226 AD2d 109).

Likewise, under either plaintiffs' or defendants' version of the accident, the jury could have concluded that Young acted reasonably in the face of an emergency. Accepting plaintiffs' version, applying the brakes to avoid a collision with a stopped vehicle under the circumstances presented here was a reasonable course of action. Alternatively, Young's action of backing up can be viewed as a reasonable attempt to remove her vehicle from an obviously dangerous situation even though it proved to be the wrong decision (*see, Rivera v New York City Tr. Auth., supra*). Thus, in view of the foregoing, we conclude that the jury's application of the emergency doctrine was not against the weight of the evidence (*see, Brown v Bracht*, 132 AD2d 857, *lv denied* 70 NY2d 615).

Plaintiffs' remaining contentions do not require extended discussion. Having found that Young was not negligent, the jury never reached the issue of whether her negligence could be imputed to plaintiff, which issue plaintiffs contend was created by Supreme Court's alleged inappropriate response to a question from the jury. Lastly, although Young objected, plaintiffs' failure to object to the admission of the State Trooper's opinion regarding the cause of the accident precludes our consideration of that issue (*see, Osborne v Schoenborn*, 216 AD2d 810, 811).

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgments are affirmed, with one bill of costs.