■ JAMES F. NOVICZSKI, Respondent, v JOHN E. HOMEYER et al., Appellants. [656 NYS2d 557] —Cardona, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 1, 1996 in Schenectady County, which granted plaintiff's motion to set aside the verdict and granted a new trial.

This appeal concerns a two-vehicle accident occurring on February 12, 1991 at approximately 7:00 P.M. At the time, it was dark outside and the weather was clear. Defendant John E. Homeyer was attempting to back a white 65-foot tractor-trailer owned by defendant Gypsum Haulage, Inc. into his driveway on the north side of State Route 81, an unlit highway located in the Town of Coxsackie, Greene County. The portion of the two-lane road directly in front of Homeyer's house is separated by double yellow lines, and has a posted speed limit of 55 miles per hour. According to Homeyer's calculations, a curve down the road from his house is approximately 1,050 feet to the west.

Homeyer testified that the tractor-trailer had on its four-way flashers, marking lights, and headlights, as well as reflectors. Homeyer testified that he had turned on his garage floodlight and had his wife come outside with a flashlight to direct the backup procedure. However, just as Homeyer had his tractor-trailer blocking both lanes, in preparation to backing up, he claims he saw the headlights of plaintiff's vehicle speeding

around the curve in the road toward his vehicle. Plaintiff was driving his employer's five-ton delivery van eastbound on Route 81 at what he estimated to be 55 miles per hour. Plaintiff testified that as he came around the curve he saw no lights and did not see Homeyer's vehicle until he rounded the bend and was approximately 200 feet away from the tractor-trailer. Plaintiff then testified he applied his brakes, swerved to the left to avoid the tractor-trailer, collided with it in the westbound lane, and continued on into the ditch on the north side of the road, approximately 50 feet east of Homeyer's vehicle.

Plaintiff commenced this action to recover for injuries sustained in the accident. Prior to trial, Homeyer pleaded guilty to violating Vehicle and Traffic Law § 1126 (a)[1] in connection with this incident. At the trial, Supreme Court charged that negligence on Homeyer's part could be inferred based on this violation.[2] Nevertheless, the jury found that Homeyer's negligence was not a proximate cause of the accident. Supreme Court then granted plaintiff's CPLR 4404 (a) motion for a new trial, finding the verdict against the weight of the evidence. Defendants appeal.

In our view, the trial evidence did not "so preponderate[ ] in favor of plaintiff[ ] that a contrary verdict could not have been reached upon any fair interpretation of [the] evidence" (*Maisonet v Kelly*, 228 AD2d 780, 781; *see, Grassi v Ulrich*, 87 NY2d 954, 956; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Durkin v Peluso*, 184 AD2d 940). Although Supreme Court charged that Homeyer's violation of the statute constituted negligence, such a finding is not dispositive unless the jury also finds that such negligence is the cause or a cause of the accident (*see, Miller v Hine*, 281 App Div 387, 391). When a "plaintiff has made a prima facie showing that [a] defendant was negligent, the questions of proximate cause and the foreseeability of intervening events * * * are properly left for the trier of fact to resolve" (*Baldwin v Degenhardt*, 189 AD2d 941, 943 [dissenting mem], *revd on dissenting mem below* 82 NY2d 867).

Here, while plaintiff did testify that he was traveling the speed limit and that he did not see any lights on or near Hom-

1. "When official markings are in place indicating those portions of any highway where overtaking and passing or driving to the left of such markings would be especially hazardous, no driver of a vehicle proceeding along such highway shall at any time drive on the left side of such markings" (Vehicle and Traffic Law § 1126 [a]).

2. The jury was charged that "[a]n act or omission is a proximate cause of an accident if it was a substantial factor in bringing about the accident; that is, if it had such an effect in producing the accident that a reasonable person would regard it as a cause of that accident".

eyer's vehicle, plaintiff also admitted that the curve before Homeyer's house was not a sharp one and that there was over 1,000 feet of distance between the end of the curve and the point of impact. Nevertheless, plaintiff did not see the obstruction until he was 200 feet from the vehicle. Plaintiff also stated that he was traveling at 55 miles at the time his vehicle *struck* the tractor-trailer. Thus, the thrust of plaintiff's testimony appears to be that he would have had plenty of time to stop his vehicle had he been able to see the tractor-trailer in the road in enough time.

In contrast, Homeyer presented proof indicating that his truck and driveway were exceedingly well-lit and that plaintiff was traveling at what appeared to be a high rate of speed. Kim Law, the State Trooper who arrived at the scene following the accident, verified that she checked and all lights on Homeyer's tractor-trailer were operable at the scene. Law also testified that as she rounded the bend in the same direction traversed by plaintiff she had good visibility and noticed lights at the scene of the accident. Thus, defendants' proof supported a conclusion that the tractor-trailer was sufficiently visible at a great enough distance for plaintiff to slow down and stop his vehicle to avoid this accident.

Significantly, the discrepancies between the testimony of plaintiff and Homeyer presented questions of credibility which the jury was allowed to resolve in the latter's favor (*see, Lachanski v Craig*, 141 AD2d 995). Although we are appropriately mindful of a trial court's discretion to set aside a verdict, since here we find that the evidence was not so weighted in plaintiff's favor as to render the jury's contrary verdict unjust (*see, Zemanek v Lamoreaux*, 235 AD2d 1015), the verdict must be reinstated.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, motion denied and verdict reinstated.