■ HELEN J. WHITMORE et al., Respondents, v SARA E. ROWE et al., Appellants. [664 NYS2d 860] —Per Curiam. Appeal from an

order of the Supreme Court (Torraca, J.), entered August 8, 1996 in Ulster County, which, *inter alia*, granted plaintiffs' motion to set aside a verdict in favor of defendants and granted a new trial on the issue of liability.

Plaintiff Helen J. Whitmore (hereinafter plaintiff), the owner and operator of a 1982 Saab automobile, collided with a 1988 Honda automobile operated by defendant Sara E. Rowe (hereinafter defendant) at the intersection of State Routes 32 and 213 in the Town of Rosendale, Ulster County. Testimony reveals that the accident occurred when defendant was making a left-hand turn across the two-lane Route 32 on which plaintiff was proceeding in a southerly direction.

Plaintiff, and her husband derivatively, commenced this action for personal injuries and loss of consortium against defendant and her father, the owner of the Honda. After trial, the jury found that plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 (d) but that defendant was not negligent. Both parties thereafter moved to set aside the verdict, contending various errors as a matter of law or that the verdict was against the weight of the evidence. Supreme Court granted plaintiffs' motion to set aside the verdict on the issue of liability. Defendants appeal.

In determining whether Supreme Court erred in setting aside the verdict on the issue of liability as against the weight of the evidence, we note that considerable deference must be accorded to credibility assessments made by the jury (*see, Noviczski v Homeyer*, 238 AD2d 860; *Barber v Young*, 238 AD2d 822). Hence, before setting aside a verdict, a " 'trial court should exercise considerable caution in utilizing its discretionary power' " (*Doyle v Seney*, 221 AD2d 828, 830, quoting *Murphy v Estate of Vece*, 173 AD2d 445). Upon appeal, our review concerns whether the evidence so preponderated in plaintiffs' favor that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *see also, Grassi v Ulrich*, 87 NY2d 954).

Defendant testified that she was traveling northbound on Route 32 and was approaching the intersection of Route 213. Intending to make a left-hand turn onto Route 213, she activated her left directional turn signal and came to a complete stop at the intersection. To defendant's right on Route 32 was an exit from the parking lot of a shopping plaza, with a second method of egress at the north end which exited onto a side street from which a motorist could then enter Route 32. Defendant specifically testified that after stopping at the intersection, she looked forward and to her left, never observ-

ing any vehicles traveling southbound on Route 32. According to defendant, after she commenced the turn of her wheel to make the left, the impact with plaintiff's vehicle occurred. Upon exiting her vehicle, defendant walked over to plaintiff's vehicle and told her that she "must have been going so fast" and demanded, in a confrontational manner, an explanation as to where plaintiff had "come from". According to defendant's testimony, plaintiff replied that she had just come from the pizza store in the shopping center and then pointed to the road exiting the parking lot at the intersection of Routes 32 and 213.

Plaintiff testified that although she could not recall which entrance she had used to enter the shopping center, she was clear that she had exited by driving to the north end (the opposite direction from her home), turning left out of the shopping center onto a side street and then turning left onto Route 32 to proceed in a southbound direction. Plaintiff testified that she had driven approximately 230 feet before the accident occurred and that nothing had obstructed her view. Yet, plaintiff testified that she never saw defendant's vehicle prior to the impact.

A nonparty witness, Catherine Walton, testified that she was traveling eastbound on Route 213 to the intersection of Route 32 and came to a stop. She observed defendant's vehicle at the intersection with its left directional turn signal on and stated that defendant's vehicle hit plaintiff's vehicle. Although she observed defendant's vehicle prior to impact, Walton testified that she never saw plaintiff's vehicle until the impact occurred. She further testified that when defendant accused plaintiff of traveling too fast, plaintiff responded that she had just come out of the pizza store in the shopping center.

With assessments of credibility left to the jury (see, Barber v Young, 238 AD2d 822, 823, supra), we find that under either theory presented at trial regarding the method by which plaintiff exited the shopping center sufficient evidence was presented to support the verdict rendered. In our further review, despite the absence of Supreme Court's articulation of its " 'discretionary balancing of many factors' " (Doyle v Seney, 221 AD2d 828, 830, supra, quoting Nicastro v Park, 113 AD2d 129, 133) presumed to be considered by it before setting aside the verdict, we do not find that the evidence met the requisite standard to warrant a usurpation of the jury's function (see, Lolik v Big V Supermarkets, 86 NY2d 744, 746, supra). Hence, we reverse the determination rendered and reinstate the jury's verdict. In light of this determination, we need not address the remaining contentions raised on appeal.

Mercure, J. P., Crew III, White, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiffs' motion to set aside the jury's verdict in favor of defendants and granted a new trial on the issue of liability; motion denied and verdict reinstated; and, as so modified, affirmed.