■ DANIEL PARISEAU et al., Appellants, v PIERCE MANUFAC-TURING, INC., Respondent. [671 NYS2d 795] —Crew III, J. Appeal from a judgment of the Supreme Court (Vogt, J.H.O.), entered January 31, 1997 in Ulster County, upon a verdict rendered in favor of plaintiffs.

Plaintiff Daniel Pariseau (hereinafter Pariseau), a member of the Village of Elmsford Volunteer Fire Department in West-chester County, was injured on January 17, 1995 when he fell from a fire truck while returning from a call. At the time of the accident, Pariseau was sitting in a "jump seat" behind the driver of the truck. As the vehicle proceeded up an incline, the seat cushion slid out from under Pariseau, causing him to fall from the seat and land on his buttocks in the street. Pariseau and his wife, derivatively, commenced this strict products li-ability lawsuit against defendant, which manufactured both the truck and the jump seat.

At trial, plaintiffs contended that both the jump seat's cushion and safety belt system were defectively designed and manufactured—the former because the screws that fastened the grommets to the jump seat sheared off, thereby permitting the seat cushion to slide out from under Pariseau causing his fall, and the latter because the belt system was interchange-able with and indistinguishable from the waistband buckle system of the Scott Pack breathing device, which was stored on the wall immediately behind the jump seat. In short, plaintiffs asserted that when Pariseau took his position in the jump seat, he fastened his seat belt to what he thought was the seat belt anchor but which turned out to be the Scott Pack waistband buckling device, thus permitting him to fall from the jump seat upon the shearing of the screws that held the seat cushion in place.

At the conclusion of trial, the jury found that defendant's

product was defective, that the defect was a substantial factor in causing Pariseau's injury, that Pariseau's injury was caused by his misuse of the product and that, while Pariseau could not have discovered the defect by the use of reasonable care, he could have avoided his injuries by the use of reasonable care. The jury then apportioned 75% of responsibility to Pariseau and 25% to defendant, prompting this appeal by plaintiffs.

Initially, plaintiffs assert that the jury's determination that defendant's product was defective and that Pariseau could not have reasonably discovered such defect was inconsistent with its findings that Pariseau's injury was caused by his misuse of the product and could have been avoided by the exercise of reasonable care. As a starting point, we note that this issue was not raised prior to discharge of the jury, thereby depriving Supreme Court of the opportunity to cure the alleged inconsistency. Consequently, the issue may not serve as a predicate for reversal (see, Barry v Manglass, 55 NY2d 803, 806). Nevertheless, were we to consider the issue, we would conclude that there was sufficient record evidence to support such findings and that they are not necessarily inconsistent.

At trial, defendant adduced evidence that Pariseau failed to use the seat belt provided and that had he done so he would not have fallen from the jump seat. Based upon that evidence, the jury could have reasonably concluded that while the jump seat was defectively designed, thus permitting the screws to shear off and the seat cushion to slide, which condition could not have reasonably been discovered by Pariseau, Pariseau nevertheless could have avoided his injury by the use of the seat belt. Accordingly, we are of the view that the jury's answers to the interrogatories clearly could have been reached upon a fair interpretation of the evidence and are, therefore, not necessarily inconsistent. For the same reason, we conclude that the jury's attribution of 75% fault to Pariseau is not against the weight of the evidence.

Plaintiffs also contend that the jury's monetary awards are inadequate in that they materially deviate from what is reasonable compensation under the circumstances (see, CPLR 5501 [c]). We disagree. Simply stated, the jury was confronted with a credibility issue between the testimony given by plaintiffs' medical experts and that given by defendant's expert. We repeatedly have held that "due deference must be accorded to the jury's role as fact finder especially where the resolution of the triable issues depends on such matters as credibility" (Barber v Young, 238 AD2d 822, 823, lv denied 90 NY2d 808; see, Noviczski v Homeyer, 238 AD2d 860; Maisonet v Kelly, 228

AD2d 780). Here, crediting the testimony of defendant's medical expert, it cannot be said that the jury's monetary awards deviate materially from what is reasonable compensation. We have considered plaintiffs' remaining contentions and find them to be without merit.

Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.