■ FRANK M. BONGIORNO, Appellant, v MAE SNOW, as Executor of DONALD SNOW, Deceased, Respondent. [681 NYS2d 838] —Graffeo, J. Appeal from a judgment of the Supreme Court (Coutant, J.), entered May 28, 1997 in Broome County, upon a verdict rendered in favor of defendant.

Plaintiff commenced this action to recover damages for injuries sustained in an automobile accident which occurred on August 11, 1993. Plaintiff contends that as he proceeded in an easterly direction on State Route 17 in the Town of Windsor, Broome County, he observed a truck enter the intersection of Route 17 and Place Road in front of his automobile. Defendant, Donald Snow,* argues that plaintiff's vehicle was not in close proximity to the intersection when he proceeded to cross Route 17 and that the cause of the accident was plaintiff's unsafe rate of speed. At the conclusion of trial, a jury verdict was rendered for defendant and plaintiff appeals.

---

* Donald Snow died of unrelated causes prior to the trial of this action and his widow, as executor of his estate, was substituted as defendant.

A jury verdict shall not be set aside as against the weight of the evidence unless "the evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence" (*Petrivelli v Walz*, 227 AD2d 735; *see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Although the trial court has discretion to set aside a verdict, it should accord considerable deference to the jury's determination (*see, Whitmore v Rowe*, 245 AD2d 669, 670; *Wierzbicki v Kristel*, 192 AD2d 906, 907), especially since the resolution of a conflict of fact is within the jury's province (*see, Noviczski v Homeyer*, 238 AD2d 860).

At trial, conflicting testimony was presented concerning the speed of the vehicles and their location at the time defendant's vehicle maneuvered across Route 17. Plaintiff testified that he did not know how far he was from the intersection when defendant's truck proceeded to cross the highway but that he guessed it was approximately "several hundred feet". Unable to recall the speed of his vehicle, plaintiff "guessed that he was proceeding at less than 55 miles per hour". He also admitted that he could not remember whether he reduced his speed as he approached the intersection which was controlled by a flashing yellow light for traffic traveling in his direction.

An eyewitness to the accident, Clayton Hampton, testified that plaintiff was probably traveling at more than the speed limit at the time of the accident. Charles Kark, a passenger in defendant's truck at the time of the accident, using a photograph of the accident scene, demonstrated to the jury the location of plaintiff's automobile when defendant entered the intersection. Evidence was also presented which suggested that the accident occurred on the shoulder of the road after plaintiff skidded off the right side of Route 17. Additionally, a signed statement of Hampton was produced in which he stated that plaintiff had sufficient time to maneuver around the truck. Based on the evidence adduced at trial and giving deference to the jury's verdict, we find that the verdict in favor of defendant was not against the weight of the evidence. The jury, after weighing conflicting testimony (*see, Salvato v CRP Sanitation*, 228 AD2d 774; *Nicastro v Park*, 113 AD2d 129), could have determined that plaintiff failed to meet his burden of proof by establishing defendant's negligence (*see, Whitmore v Rowe, supra; Nicastro v Park, supra*), especially since the testimony raised issues of witness credibility and the reasonableness of the parties' actions (*see, Maisonet v Kelly*, 228 AD2d 780).

We further find plaintiff's contention that Supreme Court erred by instructing the jury with respect to skidding to be

unavailing. Based on the testimony of various witnesses, it was not improper for the court to charge the jury that the skid marks created by plaintiff's vehicle should be taken into account in determining whether reasonable care had been exercised in the operation of the vehicle, but that standing alone it was not sufficient to find negligence on plaintiff's behalf. Supreme Court also charged that if plaintiff acted as a reasonably prudent person would have in an emergency situation, then he could not be negligent. Together these charges permitted the jury to properly weigh plaintiff's reactions in the appropriate factual context.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.