■ HAROLD TELLER et al., Appellants, v MARGARET ANZANO, Respondent. [694 NYS2d 780] —Graffeo, J. Appeal from a judgment of the Supreme Court (Shapiro, J.H.O.), entered April 24, 1998 in Sullivan County, upon a verdict rendered in favor of defendant.

Plaintiff Harold Teller (hereinafter plaintiff), and his wife, derivatively, commenced this action to recover money damages for injuries he sustained in a motor vehicle accident at the intersection of State Routes 52 and 17 in the Town of Liberty, Sullivan County. Defendant testified that she was driving in an easterly direction on Route 52, a four-lane highway, and as she approached the intersection, she brought her vehicle to a complete stop in order to make a left turn onto Route 17. She observed a large truck approaching the intersection from the opposite direction and traveling in the left westbound lane. After determining that the truck was a considerable distance from the intersection and seeing no other vehicles in the westbound lanes, she proceeded to turn left. At the point where defendant's automobile was approximately three quarters of the way through the intersection, the rear passenger side of her vehicle was struck by a motorcycle driven by plaintiff. Plaintiff contended that he had been driving his motorcycle behind the truck but, as he approached the intersection, he accelerated while changing lanes and did not see defendant's automobile until seconds before impact.

The jury found defendant to be 30% at fault and plaintiff to be 70% at fault. Plaintiff was awarded $27,386 in damages, which sum included $5,000 and $8,000 for past and future pain and suffering, respectively, along with other compensatory damages. Supreme Court denied plaintiffs' motion to set aside the verdict and plaintiffs now appeal.

It is well settled that a jury verdict should be set aside as against the weight of the evidence only where the evidence "so preponderated in plaintiffs' favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Whitmore v Rowe*, 245 AD2d 669, 670; *see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). In making this determination, considerable deference must be accorded to the jury with regard to the interpretation of the evidence (*see, Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025) and assessments of credibility (*see, Whitmore v Rowe, supra,* at 670; *Noviczski v Homeyer*, 238 AD2d 860; *Barber v Young*, 238 AD2d 822, 823, *lv denied* 90 NY2d 808).

Here, defendant's undisputed testimony demonstrated that prior to entering the intersection, she stopped her vehicle and

checked for oncoming traffic. The only vehicle within sight was a truck and, after deciding that it was a safe distance away and traveling slowly, she executed the turn. Under these circumstances, we find that the jury's apportionment of 30% fault to defendant was reasonable (*see, e.g., Luck v Tellier*, 222 AD2d 783, 785; *Patti v Fenimore*, 181 AD2d 869, 871; *Rice v Massalone*, 160 AD2d 861, 863; *Ward v Watson*, 146 AD2d 914, 915-916).

With respect to plaintiff's culpability, we similarly view the record as supporting the jury's allocation of 70% of fault to plaintiff. Although plaintiff claims that he had the right of way (*see*, Vehicle and Traffic Law § 1141), he clearly had a duty to exercise reasonable care in changing lanes and entering the intersection (*cf., Patti v Fenimore, supra*, at 871; *Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952; *Rice v Massalone, supra*, at 863; *Ward v Watson, supra*, at 915-916), including the requirement of reducing his speed to an appropriate rate (*see*, Vehicle and Traffic Law § 1180 [e]). Plaintiff's account that he was not in the process of passing the truck is belied by his own testimony which indicated that he was traveling behind the truck until he changed lanes and accelerated alongside the vehicle. Moreover, the truck was able to stop well in advance of the intersection which plaintiff was unable to do. Notwithstanding plaintiff's protestations to the contrary, the jury could have inferred that plaintiff was accelerating to pass the truck on the right side in close proximity to the intersection while his line of sight was obstructed by the truck. Due to the contradictions in testimony, the jury was free to discredit plaintiff's explanation and accept defendant's version of the events. Upon the proof presented at trial, we conclude that plaintiff has failed to demonstrate that the apportionment of fault, which was within the province of the jury, could not have been reached by any fair interpretation of the evidence, even though the record may also support a different version (*see, Coutrier v Haraden Motorcar Corp.*, 237 AD2d 774, 775; *Krueger v Wilde*, 204 AD2d 988, 989; *Esner v Janiszewski*, 180 AD2d 991, 993; *Vail v Keeler*, 166 AD2d 817, 819).

Plaintiffs next argue that Supreme Court improperly denied plaintiffs' additur motion. It is axiomatic that a court should refrain from modifying a damage award unless "it deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Duncan v Hillebrandt*, 239 AD2d 811, 813-814; *Stedman v Bouillon*, 234 AD2d 876, 877). Because the issue of damages is a question of fact (*see, Coutrier v Haraden Motorcar Corp., supra*, at 775), the jury's interpretation of the

evidence should be accorded considerable deference (*see, Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025, 1025-1026, *supra*), and the court's power to reverse should be "exercised sparingly" (*Santalucia v County of Broome*, 228 AD2d 895, 897).

The jury's $8,000 award for future pain and suffering can be viewed as reasonable under these particular circumstances. Although plaintiff has restricted use of his left hand due to his thumb injury, there was proof that he had a prior hand injury as a result of a serious chain saw accident. Defendant's expert opined that plaintiff's limitations in the flexibility of his thumb emanated from his original injury and that there was no permanent disability resulting solely from the motorcycle accident. Despite a suggestion of permanence with regard to the hand injury as a result of the vehicular accident, plaintiff's treating physician also acknowledged that the prior chain saw accident nearly necessitated the amputation of plaintiff's arm and required several surgeries including a tendon transfer to permit greater use of the thumb. Plaintiffs' expert further indicated that plaintiff developed an "ulnar claw deformity" and had difficulty with the normal functioning of his hand. The jury, therefore, could have reasonably found that the injuries that plaintiff sustained in the vehicular accident were resolved at the time of trial and that any continuing discomfort or restrictions were the result of preexisting conditions. In light of the record, the award of $8,000 for future pain and suffering did not deviate materially from reasonable compensation (*see, e.g., Duncan v Hillebrandt, supra*, at 814), and to the extent that there was conflicting testimony on the issue of permanence, this was properly within the jury's province to resolve (*see, Preston v Young*, 239 AD2d 729, 731; *cf., Jaked v Torncello*, 201 AD2d 819).

We reach a different conclusion with respect to the award of $5,000 for past pain and suffering. Although plaintiff had a serious preexisting injury to his left arm, hand and thumb, the proof demonstrated that as a consequence of the motor vehicle accident, he sustained a fracture of the left thumb requiring open reduction and internal fixation surgery. Subsequent to the surgery he wore a cast for approximately one month. Plaintiff additionally damaged his two front teeth which previously had been capped, thereby requiring extraction of the roots, placement of temporary bridges and ultimately, permanent dental bridges. He also sustained a lacerated lip and nasal fracture. Plaintiff testified that these injuries caused him substantial pain and discomfort following the accident. From

the evidence presented we conclude that the jury's award of $5,000 for past pain and suffering deviated materially from reasonable compensation (*see, e.g., Clarke v Selover*, 260 AD2d 981, 983; *Kushner v Mollin*, 181 AD2d 866, 867). Accordingly, we shall exercise our discretion to order a new trial on the issue of past pain and suffering damages unless the parties stipulate to increase the verdict to $35,000 for plaintiff's past pain and suffering.

Lastly, we find no reason to disturb the jury's decision not to award damages on the derivative claim. Despite plaintiff Marie Teller's claim that she experienced inconvenience as the result of her husband's injuries, the jury could have reasonably inferred that she was not significantly deprived of plaintiff's support, companionship and services or that she was required to provide extensive assistance for a lengthy period of time (*see, Preston v Young, supra*, at 733; *Jaked v Torncello, supra*, at 819).

Mikoll, J. P., Mercure, Peters, and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by (1) reversing so much thereof as awarded plaintiff Harold Teller $5,000 for past pain and suffering, and (2) ordering a new trial on the issue of these damages only unless, within 30 days after the date of this decision, the parties shall stipulate to increase the award for past pain and suffering to $35,000, in which event the judgment, as so modified, is affirmed.