■ CHRISTINE L. MONAHAN, Appellant, v MILTON DEVAUL, Respondent. [706 NYS2d 521] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered December 3, 1998 in Cortland County, upon a verdict rendered in favor of defendant.

Plaintiff commenced this action to recover for personal injuries she sustained on January 19, 1996 when the vehicle in which she was a passenger was involved in a one-car accident at a "T" intersection. Defendant, the driver of the vehicle, had encountered slippery road conditions just prior to the accident. At the intersection, he was unable to stop at a stop sign and slid across the intersecting highway, ultimately striking a guardrail. During trial, the crucial issue was whether defendant operated his vehicle in a reasonable manner for the prevailing road conditions. The jury returned a verdict in favor of defendant and plaintiff appeals.

We affirm. Initially, we reject plaintiff's contention that the jury verdict was against the weight of the evidence. A jury's verdict—particularly one rendered in favor of a defendant in a negligence action—will not be disturbed unless the evidence is

found to preponderate so heavily in favor of the losing party that "the jury could not have reached its verdict on any fair interpretation of the evidence" (*Rosabella v Fanelli*, 225 AD2d 1007, 1008; *see, Cohen v Hallmark Cards*, 45 NY2d 493, 499; *Nicastro v Park*, 113 AD2d 129). This is essentially a discretionary determination, but it is a limited one because great deference must be accorded the interpretation of the evidence by the jury; if there is sufficient evidence to support that interpretation, the jury's verdict will be sustained even if other evidence in the record would support a contrary verdict (*Smith v Lebanon Val. Auto Racing*, 194 AD2d 946, 947; *see, Barber v Young*, 238 AD2d 822, 823, *lv denied* 90 NY2d 808). Here, defendant testified that he gradually reduced his speed as he approached the stop sign and, as he applied his brakes, hit a patch of black ice causing his car to slide through the intersection. In addition, a State Trooper testified that defendant's vehicle left skid marks on the road and his accident report noted that the road conditions were snowy and icy. The jury could have reasonably found from this evidence that defendant was not negligent (*see, McNaughton v Maslyn*, 267 AD2d 741).

We further note that defendant's skidding on a patch of ice does not, in and of itself, require a finding of negligence (*see, Phelps v Fiordilino*, 67 AD2d 1032). Thus, we conclude that Supreme Court properly instructed the jury that the skid marks left by defendant's vehicle should be considered as a factor in determining whether defendant was negligent, but that standing alone they were insufficient to establish his negligence (*see, Bongiorno v Snow*, 256 AD2d 855; *see also*, 1A NY PJI 2:84, at 391 [3d ed 2000]).

Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.