■ THOMAS LACHANSKI, Respondent, v JEANNIE CRAIG, Appellant. (Action No. 1.) MARIAN LACHANSKI, Individually and as Mother and Natural Guardian of PATRICK LACHANSKI et al., Infants, Respondent, v JEANNIE CRAIG, Appellant, and THOMAS LACHANSKI, Respondent. (Action No. 2.)—Casey, J. Appeal from an order of the Supreme Court (White, J.), entered August 4, 1987 in Fulton County, which granted motions by various parties to set aside verdicts in favor of defendant Jeannie Craig, and granted a new trial.

This appeal poses the single issue of whether Supreme Court abused its discretion under CPLR 4404 (a) in setting aside the jury verdicts of no cause of action as to defendant Jeannie Craig, and in granting a new trial limited to the issue of Craig's negligence.

The actions stemmed from a two-vehicle collision that occurred on November 21, 1984 at about 6:45 P.M. in the southbound lane of State Route 147 in the Town of Charlton, Saratoga County, about 500 feet south of its intersection with State Route 67, at the driveway of Melvin Fleming. At that time and place, both vehicles involved were traveling south and both had passed through the intersection, with the vehicle driven by Craig ahead. It was dark at the time, but the road was dry. Craig was operating a dump truck loaded with logs weighing about five tons and was intending to deliver the logs to the Fleming premises. As Craig's truck was attempting to make a right-hand turn into the Fleming driveway, it was struck in the rear by a car driven by plaintiff Thomas Lachanski (hereinafter Lachanski) in which his three children, Jennifer, Gregory and Patrick, were passengers. Thereafter, Lachanski commenced an action against Craig for negligence. Two separate negligence actions were commenced by Lachanski's wife, on behalf of Jennifer and Patrick, against Craig and Lachanski. The jury awarded damages in the amount of $75,000 to Jennifer and $25,000 to Patrick solely against Lachanski. This determination precluded recovery by Lachanski in his own action. After the verdicts, motions to set them aside to the extent that they found no negligence on the part of Craig were made by plaintiffs' attorneys. Supreme Court

ultimately granted these motions and ordered a new trial on the issue of Craig's liability. This appeal by Craig ensued.

In our opinion, Supreme Court's grant of plaintiffs' motions constituted an abuse of discretion, and the verdicts should have been allowed to stand as rendered by the jury. Although a trial court has the power to set aside a jury's verdict when contrary to the weight of the evidence, pursuant to CPLR 4404 (a), the right is a limited one since a jury verdict must be accorded great deference (Nicastro v Park, 113 AD2d 129, 134). The power to set a jury verdict aside lies in the exercise of the sound discretion of the trial court and involves a balancing of many factors (Cohen v Hallmark Cards, 45 NY2d 493, 499). To do so, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (supra, at 499). The test is not whether the jury erred in weighing the evidence presented, but whether any viable evidence exists to support the verdict (Kozlowski v City of Amsterdam, 111 AD2d 476, 477). The jury's verdict here clearly had a rational basis in the evidence presented at trial.

Craig's testimony indicated that the rear of her truck was equipped with three pairs of lights, i.e., four-way flashers, night lights (taillights) and directional lights, which were all operative, as well as six reflectors. She stated that she downshifted to low gear while passing through the intersection of Routes 67 and 147, then sped up a little, and turned on her directional signals for a right-hand turn and her four-way flashers, about 200 feet from Fleming's driveway. She said she was proceeding at 30 miles per hour just before her right-hand turn into the driveway, and that she was just starting to turn her steering wheel, with her truck still in a straight position on Route 147, about 20 feet before the driveway, when Lachanski's car hit her truck from behind, pushing it about 15 feet forward with the front of it resting partially in Fleming's driveway.

State Trooper David Arnold observed the scene when he arrived immediately after he accident. He stated that the truck looked as if it had attempted to make a right-hand turn into the driveway and that two or three feet of it was left in the roadway at an angle of about 45 degrees. It was his view that the truck was still moving forward and was in the process of turning when struck from behind by Lachanski's car. He further stated that the force of the impact pushed the truck forward about a foot and caused the car to bounce back

several feet. The skid marks of Lachanski's car from the point of braking to the point of impact were 110 feet long. When he arrived, Arnold saw the rear taillights of the truck in operation and the right directional signal blinking. The statement made to him by Craig at the scene was that she had slowed to make a right-hand turn into the driveway and her turn was almost complete when her truck was struck from behind. Arnold further testified that Lachanski told him that he did not see the truck until it was too late. The testimony of Arnold generally corroborated the testimony of Craig and provided an ample basis for the jury's verdict.

Inconsistencies in Craig's testimony and the evidence offered by other witnesses, which raised questions concerning the lights on the back of Craig's truck and whether Craig was in the process of backing up from a failed attempt at turning into the driveway, presented questions of credibility which the jury obviously resolved in Craig's favor. Based upon our review of the record, we see no reason to disturb the jury's findings, and the order of Supreme Court setting aside the verdicts should be reversed.

Order reversed, on the law, with costs, motions denied and verdicts reinstated. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.