■ AGNES DURKIN, Individually and as Parent and Natural Guardian of MARYANN DE MARCO, an Infant, Respondent, v JANICE PELUSO, as Administratrix C. T. A. of the Estate of RONALD L. PELUSO, Deceased, Appellant.—Per Curiam. Appeal from an order of the Supreme Court (McDermott, J.), entered December 10, 1990 in Albany County, which granted plaintiff's motion to set aside a verdict in favor of defendant* and granted a new trial.

On October 26, 1983 plaintiff's infant, nine-year-old Maryann De Marco, was struck by an automobile driven by defendant after she had left Philip Schuyler Elementary School in the City of Albany. The testimony at trial showed that at the time of the accident, Maryann ran between cars parked at the curb on the east side of North Lake Avenue, and then through a three-foot gap in stopped northbound traffic which had been backed up from the intersection of North Lake Avenue and Washington Avenue. The testimony further showed that defendant was traveling at no more than 20 miles per hour in the southbound lane when he struck Maryann with his left front bumper inflicting serious personal injuries. Plaintiff, who is Maryann's mother, commenced this action on her behalf for personal injuries and individually to recover medical expenses and loss of the infant's services and society. A trial jury rendered a verdict finding that defendant was not negligent in the accident and judgment was granted in his favor. Thereafter plaintiff's CPLR 4404 (a) motion to set aside the verdict and judgment was granted by Supreme Court, which found that any fair interpretation of the evidence required some apportionment of negligence against defendant. Defendant has appealed.

In determining whether the evidence was properly assessed, great deference is given to a jury's interpretation *(Halvorsen v Ford Motor Co.,* 132 AD2d 57, 60, *lv denied* 71 NY2d 805) and a verdict should not be set aside unless the jury could not have reached the verdict on any fair interpretation of the

* Defendant, Ronald L. Peluso, died after this appeal had been filed. Limited letters of administration were issued to Janice Peluso by order of Supreme Court entered April 16, 1992. Defendant hereinafter refers to Ronald L. Peluso.

evidence *(Fieldy v Weimer,* 169 AD2d 961, 962; *Nicastro v Park,* 113 AD2d 129, 134). The test is not whether a jury erred in weighing the evidence, but whether any viable evidence exists to support its verdict *(Lachanski v Craig,* 141 AD2d 995, 996). A jury is entitled to draw its own inferences from the evidence *(Bochnak v Mackes,* 159 AD2d 882, 884, *lv denied* 76 NY2d 706).

Here, the record reflects testimony from Roberta Mahlmeister, a disinterested witness, who was the driver of the vehicle stopped in the northbound lane of traffic on North Lake Avenue. She testified that Maryann darted into the road running, without breaking stride, directly in front of her car and then in front of defendant's vehicle. Mahlmeister further testified that Maryann was so small that only the upper one third of her body was visible above the hood of her car and that the child moved so quickly that she was unable to take any action prior to the accident. Other testimony showed that defendant's speed was only 15 to 20 miles per hour in a 30-mile-per-hour speed zone and confirmed that Maryann ran into the street without stopping.

Supreme Court assigned much weight to the testimony of Carol Kirchman which described the infant being "knocked high above the hood and land[ing] several feet away". The court concluded that defendant had been driving at a higher rate of speed than he claimed and, when taken together with his admission that he never saw the infant and did not sound his horn, drew an inference that defendant had been negligent to some degree. Mahlmeister's testimony contradicted plaintiff's proof and created a credibility question for resolution by the jury *(see, Lachanski v Craig, supra).*

Plaintiff urges affirmance of the order contending that it was granted "in the interest of justice" (CPLR 4404 [a]) and argues that this is but one of three separate bases provided for granting a motion. We cannot agree. While, indeed, the question of whether a jury verdict should be set aside as contrary to the weight of the evidence requires a discretionary balancing of many factors *(Nicastro v Park, supra,* at 133; *see, Cohen v Hallmark Cards,* 45 NY2d 493, 499), this power does not imply that a trial court can freely interfere with any verdict that it finds unsatisfactory or with which it disagrees *(Nicastro v Park, supra,* at 133). Fact finding is the province of the jury, not the trial court, and overzealous enforcement of the court's duty to oversee the proper administration of justice can lead it to overstep its bounds by usurpation of the jury's duty *(Ellis v Hoelzel,* 57 AD2d 968, 969). Simple disagreement

with the jury's verdict or dissatisfaction with the harsh result faced by an unsuccessful party will not justify disturbing a verdict in the interest of justice. In fact, overturning of a resolution by the jury of a sharply disputed factual issue may be an abuse of discretion if there is any way to conclude that the verdict is a fair reflection of the evidence *(Nicastro v Park, supra,* at 135). We recognize that upon appellate review the decision of a trial court to exercise discretion in ordering a new trial must be accorded great respect *(see, Micallef v Miehle Co.,* 39 NY2d 376; *Mann v Hunt,* 283 App Div 140; *see also,* Siegel, NY Prac § 406, at 615-616 [2d ed]; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.06). However, we conclude, as did the Second Department in *Nicastro v Park (supra,* at 137), that the record must be replete with evidence of negligence to support the order granting a new trial.

We cannot agree that the jury could not have reached its verdict on any fair interpretation of the evidence. A review of the entire record inescapably leads to the conclusion that the verdict was a fair reflection of the evidence. There is ample support for the jury to have found that defendant was not at fault in the tragic accident and that finding should not have been disturbed *(see, Fieldy v Weimer, supra).*

We thus conclude that Supreme Court erred in setting aside the jury verdict and judgment. The court's order must therefore be reversed and plaintiff's motion denied.

Weiss, P. J., Mikoll, Levine, Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.