◼ DAVIDA LIBMAN, Respondent, v A. N. McKNIGHT, JR., et al., Appellants. [612 NYS2d 454] —Mikoll, J. P. Appeals (1) from an amended order of the Supreme Court (Connor, J.), entered July 24, 1992 in Columbia County, which granted plaintiff's motion to set aside a verdict in favor of defendants and granted a new trial, and (2) from a judgment of said court, entered March 12, 1993 in Columbia County, upon a verdict rendered in favor of plaintiff.

The principal issue before us is whether Supreme Court properly set aside a jury verdict denying plaintiff damages. The record discloses that on December 14, 1989, plaintiff was a front-seat passenger in an automobile owned by defendant Adam McKnight and operated by defendant A. N. McKnight, Jr. (hereinafter McKnight). The car collided with a stanchion located in the parking lot of a McDonald's restaurant and plaintiff struck the car's dashboard and windshield. Plaintiff sued defendants for injuries she allegedly sustained in the accident. A trial of the matter was held in June 1992. At the

close of evidence, Supreme Court directed a verdict in plaintiff's favor on the issue of liability and submitted the question of damages to the jury. The jury found that plaintiff had sustained no compensable damages.

During the trial, plaintiff, then 35 years old, contended that the accident had resulted in a laceration on her forehead, which was closed by the application of a bandage, and various disabilities including the inability to talk on the telephone for long periods due to neck pain, the inability to stand for any length of time, pain at any physical exertion, difficulty getting up and down stairs and memory lapses. Plaintiff admitted that she had been involved in a prior accident in June 1989, but contended that her injuries therefrom were minor and had disappeared by the time of the accident in question here.

Plaintiff testified that the December 1989 accident had caused the dysfunction of the temporomandibular joint (hereinafter TMJ), the large joint of the jaw, and she further stated that as a result of the accident she was no longer able to dance or to stand for long periods of time, as was required in her act as a professional singer. Also, plaintiff testified that she could no longer pursue her job as a yoga instructor, nor was she able to hike as she had prior to the accident. Plaintiff's injuries were supported by the testimony of a chiropractor and two dentists.

Defendants challenged plaintiff's injuries by summoning her treating physician, Michael Dolamore, who testified that plaintiff had a long history of back pain antedating the December 1989 accident and that her back condition had been exacerbated by a fall in January 1989. According to Dolamore, plaintiff also suffered from dysmenorrhea (painful menstrual periods) which disabled her from work for a week's period each month. In April 1989, Dolamore had prepared a written report at plaintiff's behest to support her application for disability benefits, in which he had opined that plaintiff might be suffering from chronic fatigue syndrome and that she was then only able to work part-time with limited ability to lift, carry, walk, stand, stoop and climb. His treatment of plaintiff did not indicate any complaints relating to the dysfunction of her jaw.

Defendants also presented witness Stephen Greenstein, who testified that plaintiff had auditioned with his band in the summer of 1990 (six months after the accident), singing while standing for one to two hours without any complaint, and that on another occasion he had viewed her standing for 20 to 30 minutes while performing without any sign of physical dis-

comfort. Greenstein also testified that he had seen plaintiff hiking on a hilly trail in a State park in the summer of 1991. McKnight then testified on his own behalf that when the car he was driving struck the stanchion, the impact was not severe but was, rather, a jolt and that he was going very slowly when it occurred.

Supreme Court directed a verdict in favor of plaintiff on the issue of liability, leaving only the question of damages for resolution by the jury. After the jury found no damages, Supreme Court set aside the verdict as contrary to the weight of the evidence and directed, by its amended order of July 17, 1992, that a second trial be held on the issue of damages only.

The second trial was convened in February 1993. Supreme Court, immediately before the trial's commencement and over both parties' objections, amended its order of July 17, 1992 and directed that unless defendants conceded liability, the issue of liability would be retried together with the issue of damages. Contending surprise, defense counsel requested a continuance to produce McKnight and two expert medical witnesses. This was denied and the second trial commenced. Supreme Court indicated that it had to conclude the trial by February 26, 1993 to meet some other court commitments. At the conclusion of the second trial, Supreme Court directed a verdict in favor of plaintiff on the issue of liability and submitted the issue of damages to the jury. The jury awarded plaintiff damages of $204,000. Defendants' appeals ensued.

Pursuant to CPLR 4404 (a), a trial court may set aside a jury verdict "where the verdict is contrary to the weight of the evidence". Fact finding is the province of the jury and the trial court may not interfere with a verdict that is unsatisfactory or with which the court disagrees if there is any way to conclude that the verdict is a fair reflection of the evidence (Salazar v Fisher, 147 AD2d 470, 471).

We conclude that Supreme Court erred in setting aside the jury's verdict in the first trial. The record was replete with evidence showing that plaintiff's injuries were questionable, as was the causal connection between her physical complaints and the accident. This included evidence of a previous car accident, antedating the instant one by six months, in which plaintiff had suffered injuries similar to those alleged to have been caused by the December 1989 accident. Dolamore, plaintiff's physician, who was called as a witness by defendants, seriously undermined plaintiff's trial contentions. He testified that plaintiff was in a debilitated condition before the acci-

dent. Further, plaintiff's credibility was seriously impaired by defense witness Greenstein who testified that six months after the accident plaintiff was performing as a singer and hiking on a mountain trail without any apparent discomfort, contrary to her contentions of inability to engage in such activities due to the injuries she suffered as a result of the accident in question.

It cannot be said that the jury's verdict of no damages was either without basis in fact or was palpably wrong (see, Tripoli v Tripoli, 83 AD2d 764, affd 56 NY2d 684) and, thus, Supreme Court's order setting aside the jury verdict on the issue of damages in the first trial and in directing a new trial was error.

Crew III, White and Casey, JJ., concur. Ordered that the amended order is reversed, on the law, with costs, and motion denied. Ordered that the appeal from judgment is dismissed, as academic.