■ GARY NELSON, Individually and as Parent of VALERIE NELSON, an Infant, Respondent, v TOWN OF GLENVILLE et al., Appellants. [633 NYS2d 222] White, J. Appeal from an order of the Supreme Court (Lomanto, J.), entered August 5, 1994 in Schenectady County, which granted plaintiff's motion to set aside the verdict on the issue of damages and ordered a new trial on that issue.

Plaintiff is the father of Valerie Nelson, a child by his first wife who was 17 years old at the time of the incident in question. Plaintiff was involved in an acrimonious separation from his second wife, Barbara Nelson (hereinafter Nelson), the mother of his two other children (hereinafter children), with a lengthy history of problems regarding visitation and custody of said children (*see, Matter of Nelson v Nelson*, 194 AD2d 828).

On July 28 and 29, 1990, after plaintiff refused to return the children as ordered, Nelson contacted the City of Schenectady police. The Schenectady Police obtained a warrant for plaintiff's arrest from Police Court and after learning that plaintiff was unavailable at his place of business, they contacted the police in the Town of Glenville, Schenectady County, where plaintiff resided. In the meantime plaintiff had returned to his home in Glenville with the children and told Valerie that there had been a problem with visitation and she would have to babysit on Monday, July 30, 1990 while he was at work. In addition, he advised Valerie not to leave the house with the children and not to let anyone in as he expected trouble from Nelson.

On July 30, 1990, defendants Keith McKenna and Daniel Moffett, police officers employed by defendant Town of Glenville, attempted to execute the warrant at Nelson's residence.

When they arrived at the plaintiff's home, Valerie refused them entry even though they directed her to open the door and informed her that they had an arrest warrant for her father. Following 15 to 20 minutes of fruitless negotiation during which time Valerie called plaintiff and was instructed by him not to open the door, the officers forced the door open and entered the residence. As they did so, they swept Valerie off her feet in a take-down maneuver, handcuffed her for approximately five minutes and transported her to the police station where she was detained for about one hour before being given an appearance ticket charging her with the crime of obstructing governmental administration. The next evening, a group of Valerie's schoolmates, who happened to be in court in conjunction with their drivers education class, observed Valerie's arraignment. This charge was subsequently dismissed in Town Court upon the unopposed motion of plaintiff's attorney and, despite this traumatic experience, there is no indication that Valerie sustained any significant physical or mental injury.

Subsequently, plaintiff brought this action alleging a number of causes of action including false arrest and assault and battery. At the conclusion of plaintiff's proof, Supreme Court dismissed all causes of action except those for false arrest and battery resulting from the false arrest. At the close of the case the court directed a verdict on the issue of liability and submitted the damage issue to the jury, which determined that plaintiff was not entitled to an award. In response to plaintiff's motion, Supreme Court set aside the verdict and directed a new trial limited to damages unless the parties stipulated to a verdict of $10,000. Defendants appeal.

Based on the facts presented, and particularly in light of Town Court's dismissal, without objection from the District Attorney, of the information charging Valerie with obstructing governmental administration in the second degree, we find that Supreme Court did not err in directing a verdict on the issue of liability (*see, Broughton v State of New York*, 37 NY2d 451, 458, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929).

However, we find that Supreme Court's action in setting aside the jury verdict was improper. Although the question of whether a jury verdict is against the weight of the evidence is essentially a discretionary determination to be made by the trial court, the right is a limited one and a jury verdict should be given great deference (*see, Durkin v Peluso*, 184 AD2d 940; *Olszowy v Norton Co.*, 159 AD2d 884, *lv denied* 76 NY2d 704).

To set aside a jury's verdict there must be no valid line of reasoning which would lead rational persons to the conclusion reached by the jury based on the evidence presented (*see, Lachanski v Craig*, 141 AD2d 995).

In the instant case the jurors were asked, without objection, to determine the amount of damages, if any, to which plaintiff was entitled and the jury returned a verdict of zero. Since the jury heard contradictory testimony concerning damages, including the testimony of witnesses that Valerie did not complain or appear injured, and as there was a complete lack of medical testimony as to any injury, the jury could reasonably conclude that Valerie's injuries, if any, did not warrant an award of damages. We also note that a showing of good faith by defendants is relevant in a case of this nature and, where established, may result in nominal damages only (*see, Broughton v State of New York, supra*, at 459).

Therefore, since it cannot be said that the jury's verdict of no damages was without a factual basis or palpably wrong, we find that Supreme Court's order setting aside the verdict was in error (*see, Libman v McKnight*, 204 AD2d 856, *lv denied* 84 NY2d 812; *Gottlieb v Flying Tiger Line*, 201 AD2d 766).

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and jury verdict on damages reinstated.