■ ROBERT FAILLA et al., Respondents-Appellants, v ALBERT L. AMODEO, Appellant-Respondent. [639 NYS2d 586] —Crew III, J.

This action arises out of a hunting accident that occurred in May 1991. On the day in question, plaintiff Robert Failla and a friend were turkey hunting in a wooded area located in the Town of Fallsburg, Sullivan County. Unbeknownst to Failla, defendant was hunting in the same area. Failla spotted a turkey and discharged his weapon striking defendant, who was located in the woods directly across from Failla. Defendant then discharged his weapon three times, striking Failla in the head, wrist, back, hip and leg.

Failla and his spouse, derivatively, thereafter commenced this action against defendant seeking damages for Failla's injuries. Defendant answered and counterclaimed for similar relief. At the conclusion of the trial that followed, the jury, having been instructed that defendant was negligent as a matter of law,[1] found in favor of plaintiffs but attributed 50% of Failla's injuries to his own negligence. As to damages, although Failla was awarded approximately $8,000 for past and future medical expenses, no award was made to Failla for past or future pain and suffering, nor were any damages awarded with respect to the derivative claim for loss of services. With respect to defendant's counterclaim, defendant was awarded $4,500 for loss of earnings, but the jury made no award with respect to past or future pain and suffering.

The parties thereafter made posttrial motions arguing, *inter alia*, that the jury erred in failing to make an award for their respective claims for pain and suffering. Supreme Court (Cere-

---

1. Defendant pleaded guilty to reckless endangerment in the second degree in connection with this incident.

sia, Jr., J.)[2] granted the respective motions to the extent that the verdict was set aside with respect to plaintiffs' claim for past and future pain and suffering and loss of services and defendant's counterclaim for past pain and suffering, and a new trial was ordered with respect to those issues. These appeals by the parties followed.

Initially, we reject defendant's assertion that plaintiffs' posttrial motion, which defendant characterizes as one alleging an inconsistent verdict, was untimely. Although a motion to address an inconsistent verdict is waived if not made prior to the discharge of the jury (*see, Barry v Manglass*, 55 NY2d 803, 806), a review of the record plainly reveals that plaintiffs' motion was one to set aside the verdict as against the weight of the evidence. As plaintiffs' motion was made on the same day the verdict was rendered, there is no question that it was timely (*see*, CPLR 4405).

Defendant's contention that Supreme Court erred in setting aside that portion of the verdict as made no award for Failla's past and future pain and suffering is similarly unavailing. Upon plaintiffs' motion to set aside this portion of the verdict as against the weight of the evidence, the relevant inquiry was whether "the evidence so preponderate[d] in favor of the [plaintiffs] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431, 439; *accord, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). Our review of the record leads us to conclude that such a showing was made here.

With respect to past pain and suffering, Failla testified at length regarding the pain he experienced in the months following the shooting and detailed his increasing need for pain medication. Abraham Garfinkel, Failla's treating physician, also testified regarding Failla's persistent complaints of pain following the accident. As to future pain and suffering, although Jerome Quint, a physician called on behalf of defendant, testified that Failla should not be experiencing severe pain from the pellet wounds, both Garfinkel and Michael Pappis, a physician specializing in general surgery, testified that Failla suffers from chronic pain syndrome and that such pain will be permanent in nature. In light of this testimony,

---

**2.** Although this matter was tried before and the posttrial motions decided by Justice Ceresia, the judgments from which these appeals were taken were signed by Justice Williams.

Supreme Court properly set aside this portion of the jury's verdict.[3]

Nor are we persuaded that Supreme Court erred in failing to set aside that portion of the verdict on defendant's counterclaim as made no award for future pain and suffering.[4] Although John Ellison, a physician testifying on defendant's behalf, did state that the pellet wounds could be a possible source of pain and/or infection in the future, and defendant testified that he continued to experience a "small amount" of intermittent pain and soreness, such testimony falls short of so preponderating in defendant's favor that the verdict could not have been reached upon any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets, supra*, at 746).[5] The parties' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgments are affirmed, without costs.

---

3. Any argument that Supreme Court erred in setting aside that portion of the verdict as failed to award damages on the derivative loss of services cause of action has been abandoned inasmuch as defendant neglected to brief this issue on appeal (*see generally, First Natl. Bank v Mountain Food Enters.*, 159 AD2d 900, 901).

4. Our review of the record indicates that defendant's motion in this regard was indeed one to set aside the verdict as against the weight of the evidence, and plaintiffs' argument to the contrary is rejected. Additionally, inasmuch as plaintiffs addressed in their brief on appeal only the timeliness of defendant's motion, we deem plaintiffs to have abandoned any challenge to Supreme Court's decision on the merits (*see generally, First Natl. Bank v Mountain Food Enters., supra*, at 901).

5. Indeed, defendant all but concedes as much in his brief filed in response to plaintiffs' appeal. In arguing that the jury could properly have made no award to Failla for future pain and suffering, defendant takes the position that "the jury could certainly have appropriately determined that neither Failla *nor [defendant]* would suffer more than occasional and not significant aches in the future. A verdict of no damages in such a situation is entirely appropriate" (emphasis supplied).