■ EVELYN NOELLE, Respondent, et al., Plaintiff, v JOEL HOFF-LICH, Appellant. [650 NYS2d 64] —Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Sherwood, J.), entered February 8, 1995 in Orange County, upon a verdict rendered in favor of plaintiff Evelyn Noelle.

In November 1991, plaintiff Evelyn Noelle (hereinafter plaintiff) began experiencing pain in the bottom left side of her mouth. Consequently, plaintiff made an appointment with defendant, a dentist, on November 20, 1991. Defendant treated plaintiff from November 20, 1991 to March 12, 1992, and the treatment included root canal work on the offending tooth. Plaintiff ultimately had the tooth extracted because of a perforation (or series of perforations) in and around the tooth. As a result of the extraction, plaintiff was fitted for a three-unit bridge. Plaintiff* commenced this action against defendant for dental malpractice alleging that defendant failed to follow accepted endodontist practices before, during and after the root canal procedure and that this failure caused the resulting injury to her dental health.

Thereafter, a jury trial was held where the main issue was whether defendant or plaintiff's general dentist, John Giglio, was responsible for creating the perforation in plaintiff's tooth. In a 5 to 1 decision, the jury determined that defendant committed dental malpractice and the malpractice was the proximate cause of plaintiff's injuries. The jury awarded plaintiff $5,000 for past pain and suffering, $30,000 for future pain and suffering, and $30,000 for plaintiff's dental expenses for the remainder of her life (which the jury determined to be

---

* While plaintiff's husband stated a derivative cause of action, this claim was withdrawn at trial.

34 years). Defendant's motion to, *inter alia*, set aside the verdict as against the weight of the evidence was denied. A judgment was entered upon the verdict in favor of plaintiff and defendant appeals.

Defendant argues that Supreme Court erred in denying his motion to set aside the verdict. Although the trial court may set aside a jury verdict as against the weight of the evidence, "the right is a limited one since a jury verdict must be accorded great deference" (*Lachanski v Craig*, 141 AD2d 995, 996). "In determining if a jury verdict should be set aside, the question is whether there is sufficient evidence to support the verdict and, if so, whether the evidence on the whole so preponderates in favor of the losing party that the verdict could not have been reached on any fair interpretation of the evidence" (*Santalucia v County of Broome*, 228 AD2d 895, 896; *see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Applying that standard to this case, we conclude that Supreme Court did not abuse its discretion in denying defendant's motion.

Here, both sides presented testimony from the dentists involved in treating plaintiff and conflicting testimony was presented as to whose malpractice caused the perforation and the ultimate loss of the tooth. Notably, while defendant claims that there was insufficient evidence presented to establish that his actions were the proximate cause of plaintiff's injuries, Giglio testified that plaintiff had to have her tooth extracted because defendant perforated her tooth and that defendant deviated from acceptable standards of dentistry when he treated plaintiff. While it is true that defendant testified that Giglio's treatment was responsible for the perforation, "the conflicting testimony of the experts present[s] issues of credibility which [are] for the jury to resolve" (*Citron v Northern Dutchess Hosp.*, 198 AD2d 618, 620, *lv denied* 83 NY2d 753). Significantly, even defendant's own expert, another board-certified endodontist, was unable to testify that he knew for certain which dentist caused the perforation or when it occurred. Since the jury had the best opportunity to determine the credibility of the witnesses based on its observation of the testimony, we find no reason not to defer to their resolution of the factual issues (*see, Lohan v Evanczyk*, 229 AD2d 844, 846).

Defendant's remaining arguments, including his claim that he was entitled to judgment notwithstanding the verdict, have been examined and found to be unpersuasive.

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.