■ ALICIA RODRIGUEZ et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. [664 NYS2d 555] —Judgment, Supreme Court, New York County (Robert Coutant, J.), entered October 5, 1995, after a jury trial, in favor of defendant, unanimously affirmed, without costs.

"To set aside a jury's verdict there must be no valid line of reasoning which would lead rational persons to the conclusion reached by the jury based on the evidence presented" (*Nelson v Town of Glenville*, 220 AD2d 955, 957, *lv denied* 87 NY2d 807). In this personal injury action, it cannot be said that the jury's verdict, that defendant was negligent in its maintenance of the passenger terminal pickup area but that such negligence was not the proximate cause of plaintiff's injury, "was without a factual basis or palpably wrong" (*supra,* at 957).

Based on the testimony of the admitting nurse, the court properly admitted the history portion of the hospital records as an admission or under the business record exception to the hearsay rule (*see, Barzaghi v Maislin Transp.*, 115 AD2d 679, 687, *appeal dismissed* 67 NY2d 852). The testimony regarding the time of the flight was not so misleading as to confuse the jury, especially in light of plaintiff's testimony and counsel summation emphasizing its flaws. In any event, based upon

review of the entire record, any error in its admission was harmless (*see, Cotter v Mercedes-Benz Manhattan*, 108 AD2d 173, 180). Concur—Rosenberger, J. P., Wallach, Nardelli, Williams and Colabella, JJ.