■ JOHN D. NILES, Respondent-Appellant, v SHUE ROOFING COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. J.V. SGROI, INC., Third-Party Defendant-Appellant-Respondent. [666 NYS2d 282] —Peters, J. Cross appeals from a judgment of the Supreme Court (Tait, Jr., J.), entered August 27, 1996 in Madison County, upon a verdict rendered in favor of plaintiff.

The facts relevant to this action were fully reviewed by us when we held that plaintiff's motion for partial summary judgment pursuant to Labor Law § 240 (1) should have been granted (219 AD2d 785). After a jury trial on the issue of damages, plaintiff was awarded $100,000 for past pain and suffering, $51,000 for lost earnings, $7,895 for past medical expenses, $125,000 for future pain and suffering, $535,000 for future loss of earnings and $35,737 for future medical expenses. Posttrial motions addressed, *inter alia,* whether interest should commence from August 19, 1994, the date that Supreme Court should have granted partial summary judgment as to liability, as well as whether the jury verdict should be set aside as excessive and against the weight of the evidence. Plaintiff's motion regarding the date for the computation of interest as well as the motions to set aside the verdict were denied. All parties appeal.

As to plaintiff's challenge to Supreme Court's determination that interest should be calculated from the date of this Court's reversal of its decision pertaining to liability, we find no merit. On such date "plaintiff's right to be compensated for the damages he * * * sustained [became] fixed in law" (*Love v State of New York,* 78 NY2d 540, 544; *see, Pay v State of New York,* 87 NY2d 1011). Similarly unavailing is plaintiff's contention that defendant's failure to challenge the verdict prior to the discharge of the jury resulted in waiver. Since the motion to set aside the verdict as against the weight of the evidence was proffered on the same date that the verdict was rendered, it was timely (*see,* CPLR 4405; *Failla v Amodeo,* 225 AD2d 965, 966).

We further find no merit to the contention that the jury's award for plaintiff's future loss of income and future pain and suffering was against the weight of the evidence. The standard for setting aside a verdict is whether " ' "the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets,* 86 NY2d 744, 746, *lv dismissed* 88 NY2d 1017, quoting *Moffatt v Moffatt,* 86 AD2d 864, *affd* 62 NY2d 875). Supreme Court reviewed the testimony of both the occupational therapist and the economist presented by plaintiff. With it undisputed that plaintiff suffered a permanent partial disability based upon an injury to his back, precluding his continued employment as a drywall taper and finisher, the occupational therapist determined that plaintiff's capacity was at the "light to medium" demand level and that his current employment servicing and selling recreational

vehicles fell within that range. At the time of trial, plaintiff was earning $7 per hour.

Plaintiff's economist, Jerry Minor, projected his future earning capacity based upon statistical information which included his age, education and work history to date. Using standard data, Minor projected future loss of income to be $833,790 over a course of 31 years. While defendant's economic expert, Thomas Kershner, disagreed with Minor's calculation because he did not believe that unemployment benefits periodically received by those in the construction industry should have been considered here since plaintiff's trade was not part of the construction business, Kershner conceded that if it was, consideration thereof would have been proper. Kershner also believed that Minor's projection should be reduced by 15% because he used national rather than local geographical data. Relying on defendant's vocational rehabilitation counselor who stated that plaintiff, even with his injuries, had an earning capacity between $22,000 and $30,000, Kershner concluded that plaintiff had no loss of income as a result of this accident.

Fully recognizing that " 'conflicting testimony of the experts present[s] issues of credibility which [are] for the jury to resolve' " (Noelle v Hofflich, 234 AD2d 655, 656, quoting Citron v Northern Dutchess Hosp., 198 AD2d 618, 620, lv denied 83 NY2d 753) and that such determination and assessments are accorded great deference (see, Noelle v Hofflich, supra, at 656), a trial court may set aside a verdict as against the weight of the evidence. Upon our review, we find sufficient evidence to support the verdict rendered on the issue of plaintiff's future loss of income and an insufficient showing to set it aside under the standard enunciated in Lolik v Big V Supermarkets (supra, at 746). We further find the award not to "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; see, Duncan v Hillebrandt, 239 AD2d 811) since it was based upon the calculation suggested by Minor and the discounts suggested by Kershner. Since plaintiff sustained his burden in establishing such amounts "with reasonable certainty" (Coutrier v Haraden Motorcar Corp., 237 AD2d 774, 777), we decline to disturb the award.

As to the challenge to set aside the award for future pain and suffering as against the weight of the evidence, again we find no error. It is undisputed that plaintiff suffered a permanent partial disability as a result of this accident. While testimony from defendant's medical expert, Daniel Elstein, concluded that plaintiff suffers from a soft tissue injury and that permanent partial disability was due to a minimal lumbo-

sacral strain, Gary Shankman, plaintiff's treating orthopedic surgeon, testified that the MRI revealed a degenerative disc that was bulging at both the L-4 and L-5 levels. Shankman concluded that as time progressed, the disc would become more rigid, causing arthritis and other spinal problems which would result in increased pain. This testimony was supported by that of Ronald Donelson, an orthopedic surgeon who examined plaintiff and reviewed the MRI. With the jury left to resolve such issues (see, Noelle v Hofflich, supra, at 656), coupled with our deference thereto (see, Lachanski v Craig, 141 AD2d 995), we find that there was sufficient evidence to support the verdict and that Supreme Court properly declined to set it aside (see, Lolik v Big V Supermarkets, supra, at 746).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.