■ In the Matter of William L. Suffolk County Department of Social Services, Appellant; Robert L., Respondent. [675 NYS2d 625] —In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of William L., the Suffolk County Department of Social Services appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated December 13, 1996, which granted the motion of the petitioner, the son of the allegedly incapacitated person, to set aside so much of a judgment of the same court (Prudenti, J.), dated August 28, 1996, as, after a hearing (Luciano, J.), denied that branch of the petition which was for him to be reimbursed for money expended on behalf of his father and granted that branch of the petition.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is denied, and that portion of the judgment dated August 28, 1996, as denied that branch of the petition which was for the petitioner to be reimbursed for money expended on behalf of his father is reinstated.

In this guardianship proceeding, the petitioner sought reimbursement for expenditures he made on behalf of his father, an allegedly incapacitated person (hereinafter AIP), from a joint bank account created and funded by his mother in both his and her names. The petitioner claims that at least some of the money in the account was his. The record indicates that the assets used to fund the account had been jointly owned by the petitioner's mother and father.

After an evidentiary hearing at which the petitioner testified, Justice Luciano rejected the petitioner's claims for reimbursement, stating, *inter alia*, that the account had been funded by the petitioner's parents and established as a joint account in the petitioner's name for the sake of convenience only. Soon thereafter, Justice Luciano was appointed to the Appellate Division, Second Department. However, his decision on the record was embodied in a judgment which was signed by Justice Prudenti, who thereafter recused herself from the proceedings. The petitioner then moved to set aside so much of the judgment as denied that branch of the petition which was for him to be reimbursed for the money he allegedly expended on behalf of his father, alleging, in essence, that Justice Luciano misapprehended or misinterpreted his hearing testimony and that the petitioner was confused and nervous at the hearing. Justice Newmark granted the motion and determined that the account was a bona fide joint account in which the AIP had no interest. We reverse.

The hearing record fully supports the original determination made by Justice Luciano, who heard and saw the petitioner testify, that the account was established as a joint account for purposes of convenience only and that the AIP retained his interest in the funds at issue (*cf., Durkin v Peluso*, 184 AD2d 940, 941). Indeed, the petitioner himself conceded that the mother's purpose in setting up the joint account with him was to pay her expenses and those of the father. In view of this testimony, the son's claim that the money was gifted to him by the mother was properly disregarded by Justice Luciano. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.