■ DANIEL KRAFTON, Appellant, v DAVID F. MAZZARESE, Respondent. [680 NYS2d 295] —Peters, J. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered January 21, 1998 in Chemung County, which awarded plaintiff damages for medical expenses, and (2) from the judgment entered thereon.

Plaintiff commenced this action seeking recovery for damages he sustained after defendant twice assaulted him, inflicting a laceration and fracture to his skull. After defendant defaulted by failing to answer, Supreme Court held an inquest on the issue of damages and awarded plaintiff $1,569 for his medical expenses. Plaintiff appeals.

Plaintiff argues that the amount awarded was against the weight of the evidence in that it included no recovery for pain and suffering. We disagree. The record is completely devoid of any evidence regarding plaintiff's pain and suffering. The testimony at the inquest was solely devoted to damages regarding medical expenses. There was absolutely no testimony regarding lost work time, any suffering incurred by plaintiff or any resulting permanent disability (compare, Failla v Amodeo, 225 AD2d 965). In fact, approximately one month after the incident, one of plaintiff's treating physicians opined that plaintiff's prognosis to return to "normalcy" was very good.

As to the $1,569 award for medical treatment, however, we reach a different conclusion. The record establishes that plaintiff's costs for medical treatment amounted to $5,708.82, $2,363.10 of which was paid by insurance. The amount remain-

ing, $3,345.72, represents the uninsured amount of plaintiff's medical expenses. Consequently, we conclude that Supreme Court's award of $1,569 for medical treatment " ' "could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875) and that the award of damages should have been $3,345.72, reflecting the total amount of plaintiff's medical treatment expenses not covered by insurance.

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order and judgment are modified, on the facts, without costs, by increasing the amount of damages awarded to plaintiff for medical expenses from $1,569 to $3,345.72, and, as so modified, affirmed.