■ ANDREA STRANGIO et al., Respondents, v NEW YORK POWER AUTHORITY, Appellant. (Appeal No. 1.) [715 NYS2d 362] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Niagara County, Notaro, J.—Damages.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.

■ ANDREA STRANGIO et al., Respondents, v NEW YORK POWER AUTHORITY, Appellant. (Appeal No. 2.) [713 NYS2d 613] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for future medical expenses only unless plaintiff Andrea Strangio, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for future

medical expenses to $53,400, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action seeking damages for spinal injuries sustained by Andrea Strangio (plaintiff) as a result of a 40-foot fall from scaffolding on which he was working. Following a trial on damages, the jury awarded plaintiff damages of, *inter alia,* $200,000 for past pain and suffering; $350,000 over 42 years for future pain and suffering; $100,000 over 32 years for future medical expenses; and $1,500,000 over 18 years for future lost earnings.

We reject defendant's contention that the award of $550,000 for pain and suffering deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Niles v Shue Roofing Co.,* 244 AD2d 820; *see also, Rountree v Manhattan & Bronx Surface Tr. Operating Auth.,* 261 AD2d 324, 328, *lv denied* 94 NY2d 754; *Peck v Tired Iron Transp.,* 209 AD2d 979). Viewing the evidence in the light most favorable to plaintiff (*see, Sniper v City of Syracuse* [appeal No. 1], 184 AD2d 1075), we conclude that the testimony establishes that plaintiff suffers daily pain from bulging, possibly herniated, discs and that the pain will worsen over time and will continue to restrict plaintiff's enjoyment of life.

We also conclude that the award of damages for future lost earnings is supported by the record. Plaintiff's witnesses testified that plaintiff was permanently and totally disabled from construction work and testified to the maximum earnings from work that he could perform. While defendant's witnesses disagreed, the evidence presented by plaintiff supports the award of damages for future lost earnings. That evidence "allow[ed] the loss of earnings to be ascertained with reasonable certainty" (*Burdick v Bratt,* 203 AD2d 950, 951, *lv denied* 84 NY2d 801).

We agree, however, with defendant's contention that the award of damages for future medical expenses was based in part on "uninformed speculation" (*Buggs v Veterans Butter & Egg Co.,* 120 AD2d 361; *see, Sanvenero v Cleary,* 225 AD2d 755, 756). Plaintiff presented testimony that he would likely have to undergo surgery in the future. He also presented testimony of the costs of that surgery, the hospital stay, the follow-up medical appointments and the required MRIs every other year. Those costs support an award of $53,400. The testimony that plaintiff would require medication and either physical therapy or chiropractic services for the rest of his life was not supported by evidence of costs. Thus, we modify the judgment by vacating the award of damages for future medical

expenses, and we grant a new trial on damages for future medical expenses only unless plaintiff Andrea Strangio, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for future medical expenses to $53,400, in which event the judgment is modified accordingly and as modified affirmed. (Appeal from Judgment of Supreme Court, Niagara County, Notaro, J.—Damages.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.