■ Mowbray Carlos et al., Respondents, v W.H.P. 19, LLC, et al., Appellants. [752 NYS2d 874] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered February 6, 2002, which, upon a jury verdict awarding plaintiff $81,000 for past pain and suffering, $36,500 for future pain and suffering over 14.6 years, and $16,200 for past lost earnings, for a total award of $133,700, granted plaintiff's motion for a new trial on damages unless defendants stipulated to increase the jury's total award to $250,000, and bringing up for review a trial ruling denying defendants' motion to dismiss plaintiff's claim for lost earnings, unanimously modified, on the facts, to delete the reference to a total award of $250,000, deem the $116,300 additur allocated entirely to the award of future pain and suffering, and direct a new trial on damages unless, within 30 days of service of a copy of this order, with notice of entry, defendants stipulate to increase the jury's award for future pain and suffering to $102,800, and otherwise affirmed, without costs.

The 65-year-old plaintiff suffered a nondisplaced fracture of the calcaneus bone and a tear of the anterior ligament in the lateral aspect of the ankle, which, according to his expert, resulted in progressive degenerative changes and a permanent restriction of motion thereby limiting his ability to walk on some surfaces. Defendants' expert confirmed that plaintiff's loss of motion in his foot and ankle, rated at 50%, is permanent. Given these facts, the jury's future pain and suffering award of $36,500 over 14.6 years, which translates to $2,500 per year, deviates materially from what is reasonable compensation. However, inasmuch as the calcaneus fracture has healed and plaintiff no longer requires crutches or takes medication for the heel pain, and in view of the equivocal opinion of plaintiff's treating physician as to whether he will require future surgical intervention, the trial court's $116,300 additur, which we allocate entirely to future pain and suffering based on plaintiff's motion to set aside the verdict, for a total future pain and suf-

fering award of $152,800, or about $10,000 per year, is excessive. We modify to reduce the additur by $50,000, for a total future pain and suffering award of $102,800, or about $7,000 per year (CPLR 5501 [c]). A fair interpretation of the evidence supports the jury's award for past lost earnings. Concur—Nardelli, J.P., Tom, Lerner, Marlow and Gonzalez, JJ.