■ DANIEL PERLIN et al., Respondents, v MICHAEL KING, D.D.S. et al., Appellants. [828 NYS2d 53]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered June 5, 2006, which, insofar as appealed from as limited by defendant's brief, granted plaintiffs' motion to set aside the verdict awarding infant plaintiff $5,000 and $27,500 for past and future pain and suffering, respectively, and directed a new trial on damages unless defendant stipulated to increase the awards for past and future pain and suffering to $25,000 and $175,000, respectively, unanimously modified, on the facts, to reduce the additur for future pain and suffering to $127,500, and otherwise affirmed, without costs.

Credited expert testimony established that defendant pediatric dentist committed dental malpractice by failing to diagnose and treat infant plaintiff's congenital tooth and jawbone disorders, ankylosis and anodontia, and consequential gaps in the teeth, shifting and angulation of developed teeth, overgrowth of the upper jaw and an overextended vertical drop in certain of the upper teeth, causing difficulty in chewing food and embarrassment due to an unsightly mouth. Testimony further established that plaintiff's pain and suffering could have been alleviated by available oral devices that would have assisted his chewing, maintained appropriate spacing for unerupted teeth, and restrained the irregular development of his teeth and jaws. Testimony further established that plaintiff permanently lost one molar space in each of the four quadrants of his mouth, and, as a result, will need a complex, risky surgical procedure

involving, inter alia, breaking the upper jaw in three places and using bone grafts to restructure the infant's overgrown upper jaw. It does not avail defendant to argue that the jury evidently took into account his expert's opinion that plaintiff's predicament was an unavoidable consequence of congenital disorders; that argument relates more to liability than damages, and overlooks the jury's award of future medical expenses in the amount that plaintiff's expert testified would be the cost of the future, risky surgery. We note the lack of appellate decisions involving similar circumstances and injuries, and find that the trial court's additur for future and pain and suffering is excessive to the extent indicated. Concur—Tom, J.P., Mazzarelli, Friedman, Buckley and McGuire, JJ.