■ KEVIN MCDONALD, Plaintiff, v 450 WEST SIDE PARTNERS, LLC, et al., Defendants. SAFEWAY STEEL PRODUCTS, Third-Party Plaintiff-Respondent, v ALL-SAFE HEIGHT CONTRACTING CORP., Third-Party Defendant-Appellant. [895 NYS2d 372]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about July 8, 2009, awarding judgment to third-party plaintiff (Safeway) in the amount of $8.5 million, and bringing up for review an order, same court and Justice, entered July 8, 2009, which granted Safeway's motion to set aside the jury verdict in third-party defendant's (All-Safe) favor as against the weight of the evidence and directed a verdict in favor of Safeway, unanimously reversed, on the law, without costs, the motion to set aside the verdict denied and the verdict reinstated. The Clerk is directed to enter judgment accordingly.

All-Safe was hired by Safeway, as a subcontractor, to construct a "sidewalk bridge" in a designated location for a specified price. Safeway previously had been hired by the building owner and manager to perform such work. Safeway's June 2002 purchase order to All-Safe included an indemnification clause, providing that All-Safe would indemnify Safeway for personal injury litigation arising from its performance.

The purchase order, engineer's plans and the related invoice all reference only the construction of the sidewalk bridge, and make no reference to the additional construction of an eight-foot "catchall." The testimony of the parties is generally consistent, except with respect to whether the subject of the construction of the catchall was discussed as part of the job. At trial, Safeway's representative claimed that the need to construct the catchall had been discussed prior to the construction of the sidewalk bridge, and that All-Safe knew that it was part of the contracted-for work. All-Safe's witnesses denied this, explaining that the work was done only as an accommodation to Safeway when Safeway was told by the building owner and manager to construct the catchall, for which All-Safe expected to be subsequently compensated. During construction of the catchall, an employee of All-Safe was injured.

During the resulting litigation, Safeway asserted that it was protected by the indemnification clause, insofar as the construction of the catchall, leading to the injuries, was undertaken pursuant to the June 2002 purchase order. Subsequent to the accident, Safeway generated another purchase order, accompanied by engineer's drawings, for the construction of a new catchall which All-Safe also constructed. This second purchase order, which contained no indemnification clause, provided for compensation, which All-Safe claimed also incorporated the labor costs associated with the construction of the first catchall. The jury returned a unanimous verdict in favor of All-Safe. The trial court set aside the verdict as against the weight of the evidence and directed a post-trial verdict in favor of Safeway.

Due deference is accorded to the jury's findings of credibility when evaluating conflicting testimony regarding whether a contract has been validly entered (*see Zere Real Estate Servs., Inc. v Adamag Realty Corp.*, 60 AD3d 758 [2009]) and, in reviewing the competing narratives provided by the witnesses, we consider whether the verdict could not be reached under any fair interpretation of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498 [1978]; *Husak v 45th Ave. Hous. Co.*, 52 AD3d 782 [2008]). Moreover, "in the absence of indications that substantial justice has not been done, a successful litigant is

entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d 129, 133 [1985]; *see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]).

Here, we find no basis to conclude that the verdict finding that the parties did not intend, as demonstrated by their words, writings or conduct, that the June 2002 purchase order covered the installation of the catchall was against the weight of the evidence. The jury was confronted with conflicting testimony on the contested issue and we find no basis to disturb its findings. We further note that even if the verdict had been against the weight of the evidence, the lawful remedy would have been to order a new trial and not enter judgment in favor of Safeway (*Cohen*, 45 NY2d at 498). Concur—Gonzalez, P.J., Saxe, Moskowitz, Abdus-Salaam and Román, JJ.