Peradotto, J. (dissenting).
I respectfully dissent because, in my view, the majority’s decision improperly fails to address the issue of whether the court’s additur after setting aside the first verdict was appropriate. In my view, any issues concerning the excessiveness of the second verdict should not be addressed unless and until all issues relative to the first verdict are resolved.
As the majority states, plaintiffs commenced this medical malpractice action seeking damages for the failure of defendants to diagnose and treat Daniel C. Oakes (plaintiff) for a cerebral aneurysm. Following the first trial, the jury found that defendants Rajnikant Patel, M.D., Satish K. Mongia, M.D. and Kaleida Health, as successor in interest to Millard Fillmore Hospitals, doing business as Millard Fillmore Suburban Hospital (Kaleida), were negligent and awarded damages in the amount of $5,123,500. As relevant to this appeal, the jury awarded plaintiff $1 million for past pain and suffering, $1 million for future pain and suffering, and $1.8 million for future supportive living expenses, and awarded plaintiff wife $60,000 for past loss of services and $150,000 for future loss of services. The future damages were awarded to cover a period of 18 years. Plaintiffs moved to set aside the verdict on damages only based on, inter alia, the ground that certain parts of the award were inadequate. The court determined that the award for past and future pain and suffering, past and future loss of services and future supportive living expenses deviated materially from what would be reasonable compensation. The court therefore set aside the jury verdict with respect to those categories of damages and ordered a new trial unless defendants stipulated to increase the award to $5 million for past pain and suffering, $5 million for future pain and suffering, $1.5 million for past loss of services, $2 million for future loss of services, and $3.9 million for future supportive living costs, with all future damages awarded to cover a period of 18 years. With that additur, the verdict would have been increased from $5,123,500 to $18,513,500. Defendants rejected the additur and proceeded to a second trial.
On appeal, defendants contend that, inter alia, the court erred in setting aside certain parts of the verdict from the first trial. The order setting aside the first verdict and granting a new *822 trial unless defendants stipulated to an additur of $13.4 million is, of course, brought up for review on this appeal from the judgment entered after the second trial (see CPLR 5501 [a] [1]). The majority, however, does not address all of defendants’ contentions with respect to the verdict after the first trial. Instead, the majority proceeds directly to the claims concerning the verdict after the second trial, concluding that the damages awarded in the second trial are not excessive. That is error. Rather, we must address the propriety of the court’s order setting aside parts of the verdict following the first trial and the appropriateness of the court’s additur before addressing any issues raised with respect to the second trial (see generally Sherry v North Colonie Cent. School Dist., 39 AD3d 986 [2007]; Zeigler v Neely, 220 AD2d 345 [1995]; Libman v McKnight, 204 AD2d 856 [1994], lv denied 84 NY2d 812 [1995]).
In my view, the court properly set aside the award for past and future pain and suffering, past and future loss of services and future supportive living expenses inasmuch as the award with respect to those categories of damages deviated materially from what would be reasonable compensation (see CPLR 4404 [a]). I conclude, however, that the court’s additur with respect to the noneconomic damages was excessive (see generally Perlin v King, 36 AD3d 495 [2007]; Rivera v Lincoln Ctr. for Performing Arts, Inc., 16 AD3d 274 [2005]; Carlos v W.H.P. 19, 301 AD2d 423 [2003]), inasmuch as the amounts set by the court did not represent “the minimum amount[s] that the jury could have found as a matter of law based on the evidence at trial” (Camacho v Rochester City School Dist., 20 AD3d 916 [2005]; see Kmiotek v Chaba, 60 AD3d 1295, 1297 [2009]; Orlikowski v Cornerstone Community Fed. Credit Union, 55 AD3d 1245, 1247 [2008], lv dismissed 11 NY3d 915 [2009]; see generally Siegel, NY Prac § 407, at 689 [4th ed]). That is the applicable standard because “the amount of damages to be awarded is primarily a question of fact [and] . . . considerable deference should be accorded to the interpretation of the evidence by the jury” (Marshall v Lomedico, 292 AD2d 669, 670 [2002] [internal quotation marks omitted]). Further, the successful litigants are “entitled to the benefits of a favorable jury verdict” (Keyser v KB Toys, Inc., 82 AD3d 713, 714 [2011]; see McDonald v 450 W. Side Partners, LLC, 70 AD3d 490, 491-492 [2010]). In the context of plaintiffs’ motion to set aside the damages award as inadequate, it is the defendants who are entitled to that benefit. In my view, $5 million each for past and future pain and suffering and $3.5 million total for past and future loss of services are simply not “the minimum amounts the jury could have awarded as a matter of law based on the evidence at trial” (Kmiotek, 60 AD3d at *823 1297; see generally Doviak v Lowe’s Home Ctrs., Inc., 63 AD3d 1348 [2009]). Defendants therefore were deprived of the opportunity to stipulate to an appropriate additur with respect to the award for past and future pain and suffering and past and future loss of services, and that error is not cured by a second trial on those categories of damages. Indeed, this is not a case in which defendants made the strategic decision not to accept an appropriate additur and to proceed at their peril. Thus, defendants should be afforded the opportunity to stipulate to a proper additur in the context of this appeal (see generally Perlin, 36 AD3d at 495; Rivera, 16 AD3d at 274; Carlos, 301 AD2d at 423). I would therefore modify the judgment accordingly.
The majority concludes that the additur issue is not properly before us because defendants “did not challenge the court’s additur before, during or after the second trial, and did not raise that issue on appeal.” I disagree. In opposition to plaintiffs’ motion to set aside the verdict on damages only after the first trial, defendants contended that the verdict should stand because the award did not deviate materially from what would be reasonable compensation. That contention necessarily encompasses the argument that an additur in any amount would be inappropriate. When the court granted plaintiffs’ motion in part, set aside the verdict with respect to certain elements of damages and ordered a new trial on those elements unless defendants stipulated to an additur of more than $13 million, defendants rejected the proposed additur and proceeded to a second trial. I cannot agree with the majority that, in addition to opposing plaintiffs’ motion and rejecting the proposed additur, defendants were somehow required to further “challenge” the amount of the additur in order to preserve the issue for our review. Throughout their briefs on appeal, defendants assert not only that the court erred in setting aside the verdict after the first trial, but they also contend that the court’s additur was excessive. Kaleida, for example, states in its brief that it “declined to stipulate to the inordinate additur,” noting that the court “ordered a five-fold increase in [plaintiff]’s award for pain and suffering, more than doubled [plaintiff]’s award for supportive living expenses, and increased [plaintiff wife]’s award for loss of consortium by a factor of more than 15.” Dr. Mongia similarly notes in his brief that “[t]he trial court’s additur was more than four times the amount awarded by the jury as to the particular [elements] of damage[s] it felt to be inadequate.” I thus conclude that the issue whether the additur was excessive is properly preserved for our review.
I take no position with respect to the majority’s determina *824 tion that the various elements of damages awarded in the second trial do not deviate materially from what would be reasonable compensation because, in my view, that issue should not be reached until all issues with respect to the first trial have been resolved. I also take no position with respect to defendants’ contention that the court erred in precluding the admission of evidence relative to medical causation in the second trial, a contention that the majority does not address. Present — Smith, J.P, Peradotto, Lindley, Sconiers and Martoche, JJ.